**STOEL RIVES LLP**
B. JOHN CASEY, Bar No. 120025
john.casey@stoel.com
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  503.224.3380

**GIBSON, DUNN & CRUTCHER LLP**
BRIAN M. LUTZ *(Pro Hac Vice forthcoming)*
blutz@gibsondunn.com
One Embarcadero Center Suite 2600
San Francisco, CA 94111-3715
Telephone: 415.393.8379

JESSICA VALENZUELA *(Pro Hac Vice forthcoming)*
jvalenzuela@gibsondunn.com
JEFF LOMBARD *(Pro Hac Vice forthcoming)*
JLombard@gibsondunn.com
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5340

*Attorneys for Defendants Nike, Inc., John J. Donahoe II,*
*and Matthew Friend*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CITY PENSION FUND FOR FIREFIGHTERS AND POLICE OFFICERS IN THE CITY OF PEMBROKE PINES, Individually and on Behalf of All Others Similarly Situated,<br><br>               Plaintiff,<br><br>     v.<br><br>NIKE, INC., JOHN J. DONAHOE II, and MATTHEW FRIEND,<br><br>               Defendants. | Case No.  3:24-cv-00974<br><br>**STIPULATION AND [PROPOSED] ORDER CONSOLIDATING RELATED SECURITIES ACTIONS, EXTENDING TIME TO RESPOND TO COMPLAINT AND VACATING DISCOVERY AND PRETRIAL DEADLINES**<br><br>Judge:  Hon. Adrienne Nelson |

PAGE 1 – STIPULATION AND [PROPOSED] ORDER CONSOLIDATING RELATED SECURITIES ACTIONS, EXTENDING TIME TO RESPOND TO COMPLAINT AND VACATING DISCOVERY AND PRETRIAL DEADLINES

| | |
|---|---|
| YAGNESH MEHTA, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    v.<br><br>NIKE, INC., JOHN J. DONAHOE II, and MATTHEW FRIEND,<br><br>        Defendants. | Case No.  3:24-cv-01150<br><br>Judge:  Hon. Adrienne Nelson |

Plaintiffs City Pension Fund for Firefighters and Police Officers in the City of Pembroke Pines and Yagnesh Mehta (collectively, "Plaintiffs") and Defendants Nike, Inc., John J. Donahoe II, and Matthew Friend (collectively, "Defendants," and together with Plaintiff, the "Parties), by and through their undersigned counsel, hereby stipulate that good cause exists to request an order from the Court consolidating the Pembroke and Mehta actions, extending Defendants' time to respond to the Complaints (defined below) and vacating discovery and pretrial deadlines.

WHEREAS, on June 20, 2024, Plaintiff City Pension Fund for Firefighters and Police Officers in the City of Pembroke Pines filed a putative class action complaint against Defendants for alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder (the "Pembroke Complaint," Case No. 3:24-cv-00974, Dkt. No. 1);

WHEREAS, that same day, the Court issued a Discovery and Pretrial Scheduling Order in the Pembroke action, setting the following deadlines (Case No. 3:24-cv-00974, Dkt. No. 2):

- Discovery to be completed by October 18, 2024;

- Joint Alternate Dispute Resolution due by November 18, 2024;

- Pretrial Order due by November 18, 2024;

PAGE 2 – STIPULATION AND [PROPOSED] ORDER CONSOLIDATING RELATED SECURITIES ACTIONS, EXTENDING TIME TO RESPOND TO COMPLAINT AND VACATING DISCOVERY AND PRETRIAL DEADLINES

WHEREAS, on July 15, 2024, Plaintiff Yagnesh Mehta filed a putative class action complaint against Defendants before this Court (the "Mehta Complaint," Case No. 3:24-cv-1150, Dkt. No. 1, and collectively with the Pembroke Complaint, the "Complaints"), involving the same allegations as the Pembroke Complaint, except that the Mehta Complaint purports to extend the putative class period by approximately three months;

WHEREAS, on July 16, 2024, the Court issued a Discovery and Pretrial Scheduling Order in the Mehta action, setting the following deadlines (Case No. 3:24-cv-01150, Dkt. No. 2):

- Discovery to be completed by November 13, 2024;

- Joint Alternate Dispute Resolution due by December 13, 2024;

- Pretrial Order due by December 13, 2024;

WHEREAS, Defendants were served with the summons and Complaints on July 18, 2024 (*see* 3:24-cv-00974, Dkt. Nos. 5–7; 3:24-cv-01150, Dkt. Nos. 4–6);

WHEREAS, under Rule 12 of the Federal Rules of Civil Procedure, Defendants are required to respond to the Complaints within 21 days after being served, or by August 8, 2024;

WHEREAS, the Pembroke and Mehta actions are governed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), including its procedures for the appointment of lead plaintiff and lead counsel, *see* 15 U.S.C. § 78u-4(a)(3);

WHEREAS, on June 20, 2024, pursuant to the PSLRA (15 U.S.C. § 78u-4(a)(3)(A)(i)), counsel for Plaintiffs published a notice alerting members of the purported class to the pendency of the Pembroke action and stating that August 19, 2024 was the deadline to move the Court for an appointment of lead plaintiff and lead counsel;

WHEREAS, on July 15, 2024, pursuant to the PSLRA (15 U.S.C. § 78u-4(a)(3)(A)(i)), counsel for Plaintiffs published a further notice alerting members of the purported class to the

PAGE 3 – STIPULATION AND [PROPOSED] ORDER CONSOLIDATING RELATED SECURITIES ACTIONS, EXTENDING TIME TO RESPOND TO COMPLAINT AND VACATING DISCOVERY AND PRETRIAL DEADLINES

pendency of the Mehta action. In its notice, counsel for Plaintiffs stated that the Mehta action does not change the August 19, 2024 deadline to move the Court for an appointment of lead plaintiff and lead counsel in the Pembroke action;

WHEREAS, the Parties agree that the Pembroke and Mehta actions are related and should be consolidated for all purposes, including pre-trial proceedings and trial, in order to avoid duplication of effort and potentially conflicting results, and to conserve party and judicial resources, as contemplated by the PSLRA (*see* 15 U.S.C. § 78u-4(a)(3)(B)(ii));

WHEREAS, the Parties expect that a consolidated amended complaint will be filed after the determination of any lead plaintiff motion(s);

WHEREAS, Defendants anticipate filing a motion to dismiss the claims asserted against them in the forthcoming consolidated amended complaint;

WHEREAS, because of the special procedures specified in the PSLRA contemplating (i) consolidation of related actions and the appointment of a lead plaintiff; and (ii) the filing of a single consolidated complaint by lead plaintiff and counsel to be appointed by the Court, requiring Defendants to respond to the Complaints prior to the filing of a consolidated amended complaint would result in the needless expenditure of private and judicial resources;

WHEREAS, counsel for the Parties respectfully submit that good cause exists to consolidate the related Pembroke and Mehta actions and extend Defendants' time to respond to the Complaints until after a lead plaintiff has been appointed and filed a consolidated amended complaint in the consolidated action.

IT IS ACCORDINGLY STIPULATED, by and between the undersigned counsel for the Parties, subject to Court approval, that:

    1. The Pembroke and Mehta actions are related to each other and shall be

PAGE 4 – STIPULATION AND [PROPOSED] ORDER CONSOLIDATING RELATED SECURITIES ACTIONS, EXTENDING TIME TO RESPOND TO COMPLAINT AND VACATING DISCOVERY AND PRETRIAL DEADLINES

consolidated for all purposes, including pre-trial proceedings and trial, into a consolidated action that shall hereinafter be captioned *In re Nike, Inc. Securities Litigation* and maintained in one file under Master Case No. 3:24-cv-00974.

2. Defendants' time to answer, move, or otherwise respond to the Complaints is stayed pending appointment of lead plaintiff and lead counsel.

3. All pretrial and ADR program deadlines are vacated until after Defendants' anticipated motion to dismiss the lead plaintiff's consolidated amended complaint has been decided and shall be reset for dates the Court determines to be appropriate at that time.

4. Within fourteen (14) days after the entry of an order appointing a lead plaintiff and lead counsel in this consolidated action, the lead plaintiff and Defendants shall meet and confer and submit a proposed a schedule to the Court for the filing of a consolidated amended complaint and Defendants' response thereto.

DATED:  August 1, 2024          STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

                                 *s/ Keith A. Ketterling*
Keith A. Ketterling, OSB No. 913368
kketterling@stollberne.com
Timothy S. DeJong, OSB No. 940662
tdejong@stollberne.com
209 Southwest Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600

Naumon A. Amjed *(Pro Hac Vice forthcoming)*
namjed@ktmc.com
Geoffrey C. Jarvis *(Pro Hac Vice forthcoming)*
gjarvis@ktmc.com
Joshua Keszczyk *(Pro Hac Vice forthcoming)*
jkeszczyk@ktmc.com
KESSLER TOPAZ MELTZER & CHECK, LLP

*Attorneys for Plaintiffs City Pension Fund for Firefighters and Police Officers in the City of Pembroke Pines and Yagnesh Mehta*

DATED:  August 1, 2024          STOEL RIVES LLP

                                 *s/ B. John Casey*
B. John Casey, OSB No.120025
john.casey@stoel.com
Telephone: (503) 224-3380

Brian M. Lutz *(Pro Hac Vice forthcoming)*
blutz@gibsondunn.com
Jessica Valenzuela *(Pro Hac Vice forthcoming)*
jvalenzuela@gibsondunn.com
Jeff Lombard *(Pro Hac Vice forthcoming)*
JLombard@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP

*Attorneys for Defendant Nike, Inc., John J. Donahoe II, and Matthew Friend*

PAGE 6 – STIPULATION AND [PROPOSED] ORDER CONSOLIDATING RELATED SECURITIES ACTIONS, EXTENDING TIME TO RESPOND TO COMPLAINT AND VACATING DISCOVERY AND PRETRIAL DEADLINES

PURSUANT TO STIPULATION, IT IS ORDERED.

DATED:

_____

Hon. Adrienne Nelson

PAGE 7 – STIPULATION AND [PROPOSED] ORDER CONSOLIDATING RELATED SECURITIES ACTIONS, EXTENDING TIME TO RESPOND TO COMPLAINT AND VACATING DISCOVERY AND PRETRIAL DEADLINES

**SIGNATURE ATTESTATION**

I am the ECF User whose identification and password are being used to file the foregoing Stipulation and [Proposed] Order Extending Time to Respond to Complaint.  Pursuant to L.R.11-1(b)(2) regarding signatures, I, B. John Casey, attest that concurrence in the filing of this document has been obtained.

DATED: August 1, 2024

*s/ B. John Casey*
B. John Casey

PAGE 8 – STIPULATION AND [PROPOSED] ORDER CONSOLIDATING RELATED SECURITIES ACTIONS, EXTENDING TIME TO RESPOND TO COMPLAINT AND VACATING DISCOVERY AND PRETRIAL DEADLINES