STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
Timothy S. DeJong, OSB No. 940662
tdejong@stollberne.com
Keith A. Ketterling, OSB No. 913368
kketterling@stollberne.com
Cody Berne, OSB No. 142797
cberne@stollberne.com
209 Southwest Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840

*Liaison Counsel for Proposed Lead Plaintiff*

*Additional Counsel on Signature Page*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| IN RE NIKE, INC. SECURITIES LITIGATION | Case No. 3:24-cv-00974-AN |
| | CLASS ACTION ALLEGATION |
| | MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF |
| | Judge:  Hon. Adrienne Nelson |
| | Request for Oral Argument |

## MOTION

PLEASE TAKE NOTICE that on a date and at a time to be designated by the Court, proposed Lead Plaintiff Caisse de dépôt et placement du Québec ("CDPQ") and Deka Investment GmbH ("DEKA"), on account of the funds listed in the Schedule A attached to DEKA's Certification[1], through their undersigned counsel, will and hereby do move this Court for the entry of an Order: (1) appointing CDPQ and DEKA as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u–4, *et seq.*; (2) approving CDPQ and DEKA's selection of Labaton Keller Sucharow LLP as Lead Counsel for the Class and Stoll Stoll Berne Lokting & Shlachter P.C. as Liaison Counsel for the Class (the "Motion"); and (3) granting such other and further relief as the Court may deem just and proper.[2]

This Motion is made on the grounds that CDPQ and DEKA believe they are the "most adequate plaintiff" under the PSLRA and should therefore be appointed Lead Plaintiff. Specifically, CDPQ and DEKA believe they have the "largest financial interest" in the relief sought by the Class in this litigation. CDPQ and DEKA also otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because their claims are typical of other Class members' claims, and because they will fairly and adequately represent the Class.

---

[1] A Copy of CDPQ and DEKA's PSLRA Certifications ("Certifications") are attached as Exhibit A to the accompanying Declaration of Timothy S. DeJong ("DeJong Decl."), which sets forth all the relevant transactions for CDPQ and DEKA in NIKE Class B common stock during the Class Period.

[2] Because the PSLRA permits any "purported class member . . . including any motion by a class member who is not individually named as a plaintiff in the complaint" to file a motion for appointment as lead plaintiff, 15 U.S.C. §78u–4 (a)(3)(B)(i), CDPQ and DEKA cannot ascertain whether any other parties will also seek appointment as Lead Plaintiff until after the August 19, 2024 deadline. Accordingly, CDPQ and DEKA's counsel respectfully requests that compliance with the meet and confer requirements of Local Rule 7-1(a) be waived in this limited instance.

2

This Motion is based upon the accompanying Memorandum of Law in support thereof, the Declaration of Timothy S. DeJong filed herewith and the exhibits attached thereto, the pleadings and other filings herein, and such other written or oral argument as may be permitted by the Court.

WHEREFORE, CDPQ and DEKA respectfully request that the Court grant the Motion and enter an Order: (1) appointing CDPQ and DEKA as Lead Plaintiff; (2) approving CDPQ and DEKA's selection of Labaton Keller Sucharow LLP as Lead Counsel for the Class and Stoll Stoll Berne Lokting & Shlachter P.C. as Liaison Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF Case No. 3:24-cv-00974-AN

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Presently pending before the Court is a securities class action (the "Action") on behalf of a "Class" of all persons or entities other than defendants that purchased or otherwise acquired NIKE, Inc. ("NIKE" or the "Company") Class B common stock between March 19, 2021, and June 27, 2024, inclusive (the "Class Period")[3]. In securities class actions, the Private Securities Litigation Reform Act of 1995 (the "PSLRA") requires district courts to appoint the "most adequate plaintiff" to serve as lead plaintiff. 15 U.S.C. § 78u–4(a)(3)(B)(i). In that regard, the Court must determine which member of the "Class" has the "largest financial interest" in the relief sought by the Class, and also whether that movant has made a *prima facie* showing of typicality and adequacy under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I).

Proposed Lead Plaintiff CDPQ and DEKA submit that they should be appointed Lead Plaintiff because they have the largest financial interest in this litigation and have made the requisite showing of typicality and adequacy required by the standards of the PSLRA. As discussed herein, CDPQ and DEKA have a significant financial interest of approximately *$93,592,039* in losses as calculated on a last-in-first-out ("LIFO") as a result of defendants' alleged misconduct—an interest believed to be greater than that of any competing movant.[4]

---

[3] The Class Period as defined herein is the longest possible class period of two class actions, consolidated as the Action, filed against NIKE: *City Pension Fund for Firefighters and Police Officers in the City of Pembroke Pines v. Nike, Inc.*, No. 3:24-cv-00974-AN (D. Or.) and *Mehta v. Nike, Inc.*, No. 3:24-cv-01150-AN (D. Or.). *See, e.g., Deering v. Galena Biopharma, Inc.*, No. 3:14-cv-00367-SI, 2014 WL 4954398, at *10 (D. Or. Oct. 3, 2014) ("Courts have almost universally held that the longest, most inclusive class period should be used to determine which lead plaintiff movant has the largest financial interest in the relief sought by the class.") (citations omitted).

[4] A chart reflecting the calculation of CDPQ and DEKA's losses as a result of their transactions in NIKE stock ("Loss Analysis") is attached as Exhibit B to the DeJong Decl.

In addition to asserting the largest financial interest, CDPQ and DEKA readily satisfy the relevant requirements of Rule 23 because their claims are typical of those of all members of the Class and they will fairly and adequately represent the interests of the Class. CDPQ and DEKA are a paradigmatic Lead Plaintiff under the PSLRA because they are sophisticated institutional investors with a substantial financial interest in the litigation and have experience supervising the work of outside counsel in complex litigation. That experience includes CDPQ and DEKA's prior experience serving as a lead plaintiff with other institutional investors in past securities class actions that recovered hundreds of millions of dollars for investors. Accordingly, CDPQ and DEKA have both the incentive and ability to supervise and monitor counsel.

Further, as set forth in greater detail in their Joint Declaration submitted herewith, CDPQ and DEKA fully understand the Lead Plaintiff's obligations to the Class under the PSLRA, and are willing and able to undertake the responsibilities of the Lead Plaintiff to ensure the vigorous and efficient prosecution of this litigation.[5] Prior to seeking appointment as Lead Plaintiff, representatives from CDPQ and DEKA held a conference call to discuss, among other things, the merits of the claims against Defendants, as well as their respective funds' common goals in the litigation. *See* DeJong Decl., Ex. D ¶ 8. CDPQ and DEKA have conferred together and discussed how they will jointly prosecute this Action and otherwise ensure the vigorous yet cost-effective prosecution of this litigation. *See generally id.*

CDPQ and DEKA have further demonstrated their adequacy with their selection and retention of Labaton Keller Sucharow LLP ("Labaton") as proposed Lead Counsel for the Class. Labaton is a nationally recognized securities class action firm that has recovered billions of dollars

---

[5] *See* Joint Declaration in Support of Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel ("Joint Declaration"), attached as Exhibit D to the DeJong Decl.

for the benefit of injured investors and has the expertise and resources necessary to handle litigation of this complexity and scale. Accordingly, CDPQ and DEKA are the "most adequate plaintiff," and respectfully requests that the Court appoint them Lead Plaintiff and approve their selection of Counsel.

## SUMMARY OF THE ACTION

This is a federal class action on behalf of a class of all persons and entities who purchased or otherwise acquired NIKE Class B common stock between March 19, 2021, and June 27, 2024, inclusive, seeking to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

NIKE, headquartered in Beaverton, Oregon, designs, develops, markets, and sells athletic footwear, apparel, equipment, accessories and services. NIKE Class B common stock trades on the New York Stock Exchange under the ticker symbol "NKE."

The Action alleges that, throughout the Class Period, defendants repeatedly touted the purported strength of NIKE's business model, and in particular, the claimed success of its digital and direct-to-consumer ("DTC") strategies to produce sustainable growth, while downplaying the significant competitive pressures facing the Company.

Defendants' fraud began to be revealed to the market through a series of disclosures. On June 27, 2022, the Company announced disappointing financial results including a decline in revenue. On this news, the price of NIKE stock declined $7.72 per share, or nearly 7%, from a close of $110.50 per share on June 27, 2022, to close at $102.78 per share on June 28, 2022. Then, on September 29, 2022, NIKE again announced disappointing financial results which included a decline in gross margin and an inventory glut which would require large markdowns to resolve. On this news, the price of NIKE stock declined $12.21 per share, or nearly 13%, from a close of

6

$95.33 per share on September 29, 2022, to close at $83.12 per share on September 30, 2022. Then, on December 21, 2023 investors learned more about the competitive pressures facing NIKE when NIKE released financial results that included poor sales and significant promotional activity. On this news, the price of NIKE stock declined $14.49 per share, or nearly 12%, from a close of $122.53 per share on December 21, 2023, to close at $108.04 per share on December 22, 2023. On March 21, 2024, NIKE again released poor financial results which included low growth in NIKE's DTC channels and a decline in NIKE's digital business.  On this news, the price of NIKE stock declined $6.96 per share, or nearly 7%, from a close of $100.82 per share on March 21, 2024, to close at $93.86 per share on March 22, 2024.  Finally, on June 27, 2024, NIKE announced its financial results for its fiscal year 2024.  As part of these results, NIKE announced that its DTC revenue was down 8%, further revealing to investors that NIKE's DTC strategy was failing to generate sustainable growth.  On this news, the price of NIKE stock declined $18.82 per share, or nearly 20%, from a close of $94.19 per share June 27, 2024, to close at $75.37 per share on June 28, 2024.

As a result of defendants' wrongful acts and omissions, and the significant decline in the market value of the Company's common stock, CDPQ, DEKA, and the Class have suffered significant damages.

## ARGUMENT

### A.    CDPQ and DEKA Should be Appointed as Lead Plaintiff

CDPQ and DEKA respectfully submit that they are the presumptively "most adequate plaintiff" because they have timely filed this motion, have claimed a substantial financial interest, and are both typical and adequate under Rule 23.  As the "most adequate plaintiff," CDPQ and DEKA should be appointed as Lead Plaintiff and their choice of counsel approved.

### 1.    The PSLRA Standard for Appointing the Lead Plaintiff

The PSLRA sets forth a procedure for the appointment of a lead plaintiff in securities class actions.  15 U.S.C. §§ 78u–4(a)(1) & (a)(3)(B); *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002).  First, within twenty days of filing a class action, the filing plaintiff must publish a notice advising members of the purported class of the pendency of the action, the claims asserted, the purported class period, and their right to move the court for appointment as lead plaintiff of the purported class.  15 U.S.C. § 78u–4(a)(3)(A)(i); *Cavanaugh*, 306 F.3d at 729.

Second, upon considering all motions for appointment as lead plaintiff filed in response to the notice, the court must appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff.  The "presumptively most adequate plaintiff" is the person or group of persons who: (1) has either filed the complaint or made a motion to serve as lead plaintiff within 60 days after publication of the required notice; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u–4(a)(3)(B)(iii)(I); *Cavanaugh*, 306 F.3d at 730.

As the Ninth Circuit stated in *Cavanaugh*:

> In other words, the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit.  It must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of "typicality" and "adequacy."

306 F.3d at 730 (footnote omitted).

Third, the court must then "give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Id.* at 730.  Only proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or is "subject to unique defenses that render such plaintiff

incapable of adequately representing the class" can rebut the presumption in favor of appointing the presumptively most adequate plaintiff as lead plaintiff.  15 U.S.C. § 78u–4(a)(3)(B)(iii)(II); *see also Cavanaugh*, 306 F.3d at 730.

### 2.    CDPQ and DEKA Are the "Most Adequate Plaintiff"

#### a.    CDPQ and DEKA's Motion Is Timely

CDPQ and DEKA filed this motion to serve as Lead Plaintiff in a timely manner.  Pursuant to 15 U.S.C. § 78u–4(a)(3)(A)(i), on June 20, 2024, counsel for plaintiff in the Action, caused notice regarding the pending nature of this case to be published on *Business Wire*, a widely circulated, national, business-oriented news reporting service.  *See* Notice, DeJong Decl. Ex. C. Thus, as permitted by the PSLRA, any person or group of persons may apply to be appointed Lead Plaintiff within 60 days after publication of the notice, *i.e.,* on or before August 19, 2024.  CDPQ and DEKA filed their motion within the required period and have thus satisfied the procedural requirements of the PSLRA.

#### b.    CDPQ and DEKA Have a Substantial Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u–4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730.  As evidenced by their Certifications and Loss Analysis, CDPQ and DEKA suffered *$93,592,039* in LIFO losses as a result of defendants' alleged misconduct.  *See* DeJong Decl., Exs. A and B; *see Sigman v. NuScale Power Corp.*, No. 3:23-cv-01689-IM, 2024 WL 727253, at *4 (D. Or. Feb. 22, 2024) (finding that loses are the primary means of determining financial interest).  To the best of counsel's knowledge, there are no other plaintiffs with a larger financial interest.  Therefore, CDPQ and DEKA satisfy the PSLRA's prerequisite of having the largest financial interest.

c.    **CDPQ and DEKA Satisfy the Typicality and Adequacy Requirements of Rule 23**

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u–4(a)(3)(B)(iii)(I)(cc).   Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage).

"The typicality requirement is satisfied when the putative lead plaintiff has suffered the same injuries as absent class members as a result of the same conduct by the defendants." *Felix v. Symantec Corp.*, No. C 18-02902 WHA, 2018 WL 4029053, at *3 (N.D. Cal. Aug. 23, 2018). Here, the claims that CDPQ and DEKA assert are typical of the claims of the other members of the putative Class because, like all other Class members, CDPQ and DEKA purchased NIKE stock during the Class Period in reliance on defendants' false and misleading representations, and sustained monetary damages as a result.  Because the claims that CDPQ and DEKA assert are based on the same legal theories and arise from the same event or practice or course of conduct that gives rise to the claims of other Class members, typicality is satisfied.  *Cannataro v. Portland Gen. Elec. Co.*, No. 3:20-CV-1583-SI, 2020 WL 12800744, at *5 (D. Or. Nov. 10, 2020) ("[Movant] has claims typical of the claims of the class because it purchased [company] stock at prices that were allegedly artificially inflated by the alleged misconduct.  The claims of the lead plaintiff need not be identical to the claims of the class to satisfy typicality.").

The thrust of the adequacy inquiry is: "(1) whether there are conflicts within the class; and (2) whether plaintiff and counsel will vigorously fulfill their duties to the class." *Symantec Corp.*,

10

2018 WL 4029053, at *3.  Here, no antagonism exists between CDPQ and DEKA's interests and those of the absent Class members; rather, the interests of CDPQ, DEKA, and the Class members are squarely aligned.  In addition, CDPQ and DEKA have demonstrated their adequacy through their selection of Labaton as Lead Counsel to represent the Class in this Action.  *See Portland Gen. Elec. Co.*, 2020 WL 12800744, at *5 ([Movant] satisfies the adequacy requirement by not having any apparent conflicts of interest with the class members and by timely moving to be appointed as lead plaintiff, timely filing the requisite certifications, and selecting qualified proposed lead and liaison counsel who appear to have the requisite skills, experience, and competence to prosecute the claims vigorously and efficiently in the best interests of the class.").  As discussed more fully herein, Labaton is highly experienced in prosecuting securities class actions vigorously and efficiently, and timely submitted this Motion to the Court for approval, in accordance with the PSLRA.  *See* 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (B)(v).  Accordingly, CDPQ and DEKA satisfy the adequacy requirement.

### d.    CDPQ and DEKA Are Precisely the Type of Lead Plaintiff Envisioned by the PSLRA

In addition to satisfying the requirements of Rule 23, CDPQ and DEKA—sophisticated institutional investors—are precisely the type of investors Congress intended, through the enactment of the PSLRA, to encourage to assume a more prominent role in securities litigation.  *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."); *see also In re Versata, Inc., Sec. Litig.*, No. C 01- 1439 SI, 2001 WL 34012374, at *6 (N.D. Cal. Aug. 20, 2001) (finding that a movant's "institutional status is given great weight in assessing its adequacy as a plaintiff" because "Congress intended that the lead

11

plaintiff procedures under the PSLRA would 'encourage institutional investors to take a more active role in securities class action lawsuits'") (citation omitted). Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. *See* H.R. Conf. Rep. No. 104-369, at 34-35, *reprinted in* 1995 U.S.C.C.A.N. at 733-34.

It is no surprise, therefore, that courts within the Ninth Circuit have repeatedly recognized the propriety of appointing cohesive groups of institutional investors that demonstrate an ability to represent the Class' interests. *See Das v. Unity Software Inc.*, No. 5:22-cv-03962-EJD, 2023 WL 1927739, at *1 (N.D. Cal. Feb. 10, 2023) (appointing as lead plaintiff a group of institutional investors); *see also In re Mersho*, 6 F.4th 891, 903 n.4 (9th Cir. 2021) ("[It] is clear from the statutory language" that "group[s] can serve as a lead plaintiff[.]"); *Cavanaugh*, 306 F.3d at 731 n.8 ("[A] 'group of persons' can collectively serve as a lead plaintiff[.]").

CDPQ and DEKA understand the duties and responsibilities with which a Lead Plaintiff is charged under the PSLRA, including to oversee and supervise the litigation separate and apart from counsel. CDPQ and DEKA have submitted sworn Certifications and a Joint Declaration attesting to their willingness and ability to fulfill those duties and responsibilities in this case. *See* DeJong Decl., Exs. A & D. *see also Bruce v. Suntech Power Holdings Co.*, No. CV 12–04061 RS, 2012 WL 5927985, at *3 (N.D. Cal. Nov. 13, 2012) (appointing group that "submitted a joint declaration attesting that each [group member] is knowledgeable about the litigation, that they are working together, and that they are committed to protecting the interests of the Class"). CDPQ and DEKA comprise a small, cohesive partnership of sophisticated institutional investors that each

12

determined that their joint appointment as Lead Plaintiff would advance the Class' best interest. *See* DeJong Decl., Ex. D ¶¶ 4-10.

As set forth in their Joint Declaration, CDPQ and DEKA are sophisticated institutional investors that have hundreds of billions in combined assets under management and have significant experience acting as fiduciaries and in selecting, hiring, and overseeing the activities of outside counsel in complex litigation. *See Id.* ¶¶ 2-4. Moreover, CDPQ and DEKA each have dedicated staffs of professionals, including legal professionals, who will ensure the effective oversight of counsel and this litigation. *Id.* ¶¶ 2-3 & 8-11. CDPQ and DEKA have already taken measures to ensure the claims are vigorously and effectively prosecuted in the best interests of the Class. For example, CDPQ and DEKA have monitored their counsel's investigation into the allegations in the Action. *Id.* ¶¶ 8 & 11. Further, as part of their effort to formalize their oversight of this Action and before seeking appointment as Lead Plaintiff, representatives of CDPQ and DEKA held a conference call on August 8, 2024 in which they discussed the processes and procedures each organization employs in the analysis and approval of securities class action litigation, the strength of the claims against Defendants, their strategy for prosecuting the action, the benefits the Class will receive from the leadership of experienced institutional investors, and the measures the funds have implemented to ensure that the Class' claims will be zealously and efficiently litigated. *Id.* ¶ 8. Further, while CDPQ and DEKA understand that any attorneys' fees awarded in this Action will be set by the Court, CDPQ and DEKA take very seriously their obligation as Lead Plaintiff to ensure that any request for attorneys' fees sought by counsel is appropriate and have negotiated retainer agreements with Labaton that limit the fees counsel may request. *Id.* ¶ 10. Through these and other measures, CDPQ and DEKA have sought to ensure that the Class will receive the best possible representation.

In sum, CDPQ and DEKA have demonstrated their willingness, resources, experience, and commitment to working closely with one another to supervise their proposed Lead Counsel and obtain the best possible recovery for the Class.  CDPQ and DEKA are precisely the type of institutional investors that Congress sought to empower as Lead Plaintiff when enacting the PSLRA.  *See, e.g., Doherty v. Pivotal Software, Inc.*, No. 3:19-cv-03589-CRB, 2019 WL 5864581, at *11-12 (N.D. Cal. Nov. 8, 2019) (appointing group of institutional investors as lead plaintiff); *In re Aqua Metals Sec. Litig.*, No. 17-cv-07142-HSG, 2018 WL 4860188, at *4 (N.D. Cal. May 23, 2018) (appointing a group of investors that demonstrated they are "fully capable of representing the class's interests effectively").

## B.    The Court Should Approve CDPQ and DEKA's Choice of Counsel

CDPQ and DEKA have selected and retained Labaton as their proposed Lead Counsel for the Class and Stoll Stoll Berne Lokting & Shlachter P.C. ("Stoll Berne") as their proposed Liaison Counsel for the Class.  The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval.  15 U.S.C. § 78u–4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734.  The Court should not disturb the lead plaintiff's selection of counsel unless necessary to "protect the interests of the class."  15 U.S.C. § 78u–4(a)(3)(B)(iii)(II)(aa); *see also Cavanaugh*, 306 F.3d at 734 ("While the appointment of counsel is made subject to the approval of the court, the [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff.").

Labaton has significant experience in prosecuting securities class actions and has excelled as lead counsel in numerous landmark securities class actions throughout the United States on behalf of defrauded investors.  Labaton served as a lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-8141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured investors, and secured a $117.5 million settlement in *In*

14

*re Mercury Interactive Corp. Securities Litigation*, No. 05-cv-3395 (N.D. Cal.).  In addition, Labaton was a lead counsel in *In re Countrywide Financial Corp. Securities Litigation*, No. 07-cv-5295 (C.D. Cal.), which achieved a settlement of $624 million—one of the largest securities fraud settlements arising from the financial crisis of 2007 and 2008, and also secured a $160.5 million settlement as lead counsel in *In re Broadcom Corp. Class Action Litigation*, No. 06-cv-5036 (C.D. Cal.).  Labaton presently serves as lead and co-lead counsel in several significant investor class actions.  *See* DeJong Decl. Ex. E.  Similarly, Stoll Berne is an accomplished securities class action firm with experience in prosecuting securities class actions and has successfully secured favorable outcomes for classes of plaintiffs in class action lawsuits.  *See* DeJong Decl. Ex. F.

Thus, the Court can be assured that, by approving CDPQ and DEKA's choice of counsel, the Class will receive the highest caliber of legal representation.  Accordingly, the Court should approve CDPQ and DEKA's selection of Labaton as Lead Counsel for the Class and Stoll Berne as Liaison Counsel for the Class.

## CONCLUSION

For the foregoing reasons, CDPQ and DEKA respectfully request that this Court enter an Order: (1) appointing CDPQ and DEKA as Lead Plaintiff; (2) approving CDPQ and DEKA's selection of Labaton as Lead Counsel for the Class and Stoll Berne as Liaison Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

DATED: August 19, 2024                    Respectfully submitted,

                                          /s/ *Timothy S. DeJong*
                                          Timothy S. DeJong, OSB No. 940662

15

MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF Case No. 3:24-cv-00974-AN

STOLL STOLL BERNE LOKTING &
SHLACHTER P.C.
Timothy S. DeJong, OSB No. 940662
tdejong@stollberne.com
Keith A. Ketterling, OSB No. 913368
kketterling@stollberne.com
Cody Berne, OSB No. 142797
cberne@stollberne.com
209 Southwest Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840

*Liaison Counsel for Proposed Lead Plaintiff*

LABATON KELLER SUCHAROW LLP
Eric J. Belfi (*pro hac vice* forthcoming)
ebelfi@labaton.com
Francis P. McConville (*pro hac vice* forthcoming)
fmcconville@labaton.com
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

LABATON KELLER SUCHAROW LLP
Mark S. Willis (*pro hac vice* forthcoming)
mwillis@labaton.com
1050 Connecticut Avenue NW, Suite 500
Washington, D.C.  20036
Telephone: (212) 907-0855
Facsimile: (212) 818-0477

*Counsel for Proposed Lead Plaintiff and Proposed
Lead Counsel for the Class*

DRRT
Joseph Gulino (*pro hac vice* forthcoming)
jgulino@drrtcom
340 West Flagler Street, 2nd Floor
Miami, Florida 33130
Telephone: (305) 760-8030
Facsimile: (305) 760-8030

*Additional Counsel for DEKA*

16