**Exhibit D**

**JOINT DECLARATION IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

We, the undersigned, pursuant to 28 U.S.C. §1746, declare as follows:

1. We respectfully submit this Joint Declaration in support of the motion of Deka Investment GmbH ("DEKA"), on account of the funds listed in the Schedule A attached to DEKA's Certification (the "DEKA Funds") and Caisse de dépôt et placement du Québec ("CDPQ") for appointment as Lead Plaintiff in the securities class action (the "Action") against NIKE, Inc. ("NIKE" or the "Company") and certain of its senior executives (collectively, "Defendants"), pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and for approval of our selection of Labaton Keller Sucharow LLP ("Labaton") as Lead Counsel. We each have personal knowledge about the information in this Joint Declaration relating to the institution with which we are individually associated.

2. We, Carla Zinkand and Michael Windischmann, as authorized signatories of DEKA, are authorized to make this declaration on its behalf. DEKA is a subsidiary of DekaBank, which is one of Germany's largest financial institutions incorporated under German public law with approximately 358 billion EUR in assets as of December 2023. DEKA manages the investments of the DEKA Funds. Under German law, DEKA has the right and obligation to bring claims in its own name to recover losses incurred by the funds for which DEKA makes investments, including the DEKA Funds. The DEKA Funds have no legal authority under German law to pursue claims on their own. DEKA, therefore, requires no assignment of claims from the funds that it manages, including the DEKA Funds. As reflected in DEKA's certification, the DEKA Funds purchased a significant number of NIKE Class B common stock during the Class Period at issue in this litigation and suffered a substantial loss as a result of the alleged violations

- 1 -

Exhibit D
Page 1 of 7

of the federal securities laws in this Action. DEKA is a sophisticated institutional investor that understands, appreciates, and accepts the duties and responsibilities with which a lead plaintiff is charged under the PSLRA.

3.     I, Lucas J. Gifuni, am authorized to make this declaration on CDPQ's behalf. CDPQ has approximately C$434 billion in net assets under management as of December 31, 2023. As reflected in its certification, CDPQ purchased a significant number of NIKE Class B common stock during the Class Period at issue in this litigation and suffered a substantial loss as a result of the alleged violations of the federal securities laws in this Action. CDPQ is a sophisticated institutional investor that understands, appreciates, and accepts the duties and responsibilities with which a lead plaintiff is charged under the PSLRA.

4.     DEKA and CDPQ are both sophisticated institutional investors that understand, appreciate, and accept the duties and fiduciary responsibilities with which a lead plaintiff is charged under the PSLRA. Our familiarity with the PSLRA's requirements is informed by, among other things, our experience serving as lead plaintiff or co-lead plaintiff in securities fraud class actions. For example, in *Howard v. Liquidity Services, Inc.*, No. 14-cv-01183 (D.D.C.), CDPQ achieved a $17 million recovery for investors working alongside another institutional investor. Similarly, in *Deka Investment GmbH v. Santander Consumer USA Holdings Inc.*, No. 3:15-cv-02129-K (N.D. Tex.), DEKA achieved a $47 million recovery for investors working alongside another institutional investor.

5.     We separately and collectively consulted with our counsel, and independently decided to join together to file a joint motion for appointment as Lead Plaintiff under the PSLRA. Our decision to seek appointment as Lead Plaintiff together was informed by a variety of factors, including the fact that we are each institutional investors with similar processes and procedures for

analyzing and approving participation in securities class action litigation, and each have dedicated teams to oversee counsel and the litigation overall should we be appointed Lead Plaintiff. We are like-minded organizations with similar fiduciary-like duties to our members and we view this case as an opportunity to maximize recovery on behalf of the class.

6.     We are strongly motivated to recover the significant losses incurred as a result of the alleged violations of the federal securities laws. Our primary goal in seeking appointment as Lead Plaintiff is to ensure that this litigation is supervised by experienced and sophisticated institutional investors and efficiently litigated by well-qualified counsel, to achieve the best possible recovery for all class members from all potentially culpable parties. Furthermore, we believe it is important that the group of persons with the largest financial loss in the relief sought, that also meet the typicality and adequacy requirements of the Federal Rule of Civil Procedure 23, be appointed Lead Plaintiff.

7.     We understand that the PSLRA and courts permit small, cohesive groups of investors to serve as lead plaintiff that function separate and apart from their lawyers and that are able to direct the litigation in the best interests of the class. To that end, we believe that in this case a small group of two investors fits this criteria. We intend to prosecute the litigation in a collaborative and cohesive manner that is independent from counsel. Because we have incurred significant losses as a result of the alleged misconduct and share the common goal of ensuring that this Action is prosecuted diligently, we believe that our joint prosecution of this litigation will benefit the class.

8.     In order to formalize our joint leadership of this Action, on August 8, 2024, before filing the initial motion, we convened a joint conference call, during which we discussed a number of matters, including: the processes and procedures each organization employs in the analysis and

approval of securities class action litigation; the dedicated teams within each organization that will oversee counsel and the litigation overall should we be appointed Lead Plaintiff in this case; the allegations in the complaint; our counsel's proprietary investigative efforts into the alleged misconduct; the PSLRA's lead plaintiff appointment process and our obligations in connection therewith; the benefits of working together to jointly prosecute the litigation in a collaborative and cohesive manner; the advantages of having Labaton, an experienced and renowned counsel, serve as Lead Counsel; and procedures and mechanisms for communication and decision-making that will ensure that the proposed class will benefit from our supervision of counsel. We discussed our shared views that the prosecution of this case should be entrusted to parties that are sophisticated, that have substantial resources, and that have a significant financial interest in the claims asserted to ensure that this Action is litigated as zealously and efficiently as possible.

9.      We will exercise joint decision-making and work together in this litigation to actively monitor the activities of counsel in order to ensure that the litigation is prosecuted in the best interests of the class. Based on our past experience serving as lead plaintiffs, we have established procedures for overseeing the progress of the litigation and communicating both separate and apart from and with counsel as necessary. This includes reviewing and discussing case filings and other developments with our counsel, as well as other measures that will ensure the work counsel performs is in the best interests of the class. We will also, as necessary, confer with and without counsel to ensure that we are able to make timely decisions and have a mechanism to resolve any disagreement regarding the prosecution of the Action.

10.      We understand that it is the lead plaintiff's obligation under the PSLRA to select qualified lead counsel and to supervise lead counsel's prosecution of this case to ensure that the Action is prosecuted without unreasonable expense or cost. We have instructed Labaton that this

- 4 -

Exhibit D
Page 4 of 7

Action should be prosecuted efficiently and in a cost-effective manner and are confident that our counsel understands our mandate. Furthermore, we have negotiated a retainer with Labaton that provides for a reasonable fee request to the Court for approval if the Action is successful.

11.     We have directed counsel to advise us of all developments during the lead plaintiff motion process as well as to provide us with updates regarding counsel's ongoing investigation. We will continue to direct counsel and actively oversee the prosecution of this Action for the benefit of the proposed class by reviewing pleadings, holding joint calls with and without counsel as needed, among other things. Furthermore, we have instructed counsel to provide us with monthly or quarterly updates on the progress of the litigation, or as frequently as is otherwise necessary.

12.     We are aware that Labaton is a highly-accomplished, well-regarded law firm with a history of achieving impressive settlements and corporate governance reforms in securities class actions. We fully believe that counsel will prosecute this litigation in a zealous and efficient manner as Lead Counsel under our supervision, to the benefit of the class.

13.     We are committed to satisfying the fiduciary obligations that we will assume if appointed Lead Plaintiff, including by conferring with and overseeing counsel regarding litigation strategy and other matters, attending court proceedings, depositions, settlement mediations and hearings as necessary, and reviewing and authorizing the filing of important litigation documents. Through these and other measures, we will ensure and hereby reaffirm that the Action will be vigorously prosecuted consistent with the PSLRA's lead plaintiff obligations and in the best interests of the class.

**[REMAINDER OF PAGE INTENTIONALLY BLANK]**

- 5 -

Exhibit D
Page 5 of 7

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

DATED: August 9th, 2024

Carla Zinkand
Digital unterschrieben von Carla Zinkand
Datum: 2024.08.09 11:34:15 +02'00'

Carla Zinkand
Authorized Signatory
Deka Investment GmbH

Michael Windischmann
Digital unterschrieben von Michael Windischmann
Datum: 2024.08.09 11:23:52 +02'00'

Michael Windischmann
Authorized Officer Gremien & Regularien
Deka Investment GmbH

- 6 -

Exhibit D
Page 6 of 7

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

DATED: 2024-08-12 _____

_____
Lucas J. Gifuni
Director, Legal Affairs
Caisse de dépôt et placement du Québec

- 7 -