STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
Timothy S. DeJong, OSB No. 940662
tdejong@stollberne.com
Keith A. Ketterling, OSB No. 913368
kketterling@stollberne.com
Cody Berne, OSB No. 142797
cberne@stollberne.com
209 Southwest Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840

*Liaison Counsel for Proposed Lead Plaintiff*

*Additional Counsel on Signature Page*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| IN RE NIKE, INC. SECURITIES LITIGATION | Case No. 3:24-cv-00974-AN |
| | CLASS ACTION ALLEGATION |
| | MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL |
| | Judge: Hon. Adrienne Nelson |
| | Request for Oral Argument |

Presumptive Lead Plaintiff CDPQ and DEKA[1] respectfully submit this memorandum of law in further support of their motion for appointment as Lead Plaintiff and approval of their selection of Lead Counsel (*see* ECF Nos. 19-20), and in opposition to the other motions (*see* ECF Nos. 17-18 & 21-24).[2]

## PRELIMINARY STATEMENT

Under the PSLRA and clear Ninth Circuit precedent, CDPQ and DEKA are the most adequate plaintiff and should be appointed Lead Plaintiff.  On August 19, 2024, CDPQ and DEKA moved this Court pursuant to the PSLRA for appointment as Lead Plaintiff and approval of selection of Labaton as Lead Counsel for the Class and Stoll Berne as Liaison Counsel to the Class.  ECF. Nos. 19-20.  On the same day, three other movants filed similar motions for Lead Plaintiff appointment.  *See* ECF Nos. 17-18 & 21-24.

CDPQ and DEKA, as the movants claiming the largest financial interest while also satisfying the typicality and adequacy requirements of Rule 23, are the presumed "most adequate plaintiff" under the PSLRA.  15 U.S.C. § 78u–4(a)(3)(B)(iii).  CDPQ and DEKA—sophisticated, multi-billion-dollar institutions—sustained substantial losses of approximately ***$93,592,039*** on a

---

[1] Unless otherwise noted, all defined terms and abbreviations remain unchanged from CDPQ and DEKA's initial motion and supporting papers.  *See* ECF Nos. 19-20.  All ECF references are to the docket *In re Nike Inc. Securities Litigation*, No. 24-cv-00974 (D. Or.) unless otherwise noted. In addition, all emphasis is added and all citations are omitted unless otherwise noted.

[2] In addition to CDPQ and DEKA, the following movants filed motions for appointment as Lead Plaintiff: (1) Meitav Provident and Pension Funds Ltd. ("Meitav"), Kranot Hishtalmut Le Morim Tichoniim Morey Seminarim Ve Mefakhim Hevra Menahelet Ltd. and Kranot Hishtalmut Le Morim Ve Gananot Hevra Menahelet Ltd. (together, the "Teachers Funds"), and Menora Mivtachim Insurance Ltd. ("Menora Insurance") and Menora Mivtachim Pensions and Gemel Ltd. ("Menora Pensions & Gemel" and, together with Menora Insurance, the "Menora Funds") (collectively, the "Five Israeli Funds") (ECF Nos. 17-18) and; (2) C+F  S.A. and Universal Invest (together, the "Institutional Investor Funds") (ECF Nos. 21-22); and (3) State of Wisconsin Investment Board ("SWIB") (ECF Nos. 23-24).

LIFO basis on their Class Period transactions in NIKE Class B common stock. Because this amount is over **$56 million** larger than the losses of the next largest movant, CDPQ and DEKA have easily satisfied the largest financial interest requirement. Critically, CDPQ alone has a financial loss that far exceeds all other movants. *See* ECF Nos. 17-18 & 21-24. Indeed, CDPQ's loss is nearly **$41 million** larger than the loss of the next largest movant. *Huang v. Depomed, Inc.*, 289 F. Supp. 3d 1050, 1053 (N.D. Cal. 2017) (appointing group of investors because one member alone "has the largest [financial] interest of any movant"); *Ohio Pub. Emps. Ret. Sys. v. Meta Platforms, Inc.*, No. 21-cv-08812-JST, 2022 WL 3571995, at *4 (N.D. Cal. July 26, 2022) (appointing a group of institutional investors lead plaintiff where one group member "has the largest financial interest standing alone, and it would have achieved lead plaintiff status alone had it sought such appointment"); *In re SVB Fin. Grp. Sec. Litig.*, No, 3:23-cv-01097-JD, 2023 WL 8367938, at *2 (N.D. Cal. Nov. 30, 2023) (appointing a group where one group member had the largest loss "standing alone").

CDPQ and DEKA also satisfy the typicality and adequacy requirements of Rule 23 and are perfectly situated to represent all Class members. As established by their Joint Declaration, CDPQ and DEKA are a small, cohesive, and like-minded collaboration of sophisticated institutional investors with significant experience overseeing counsel and acting as fiduciaries, that are willing and able to supervise this litigation. *See* ECF No. 20-4 ¶¶ 2-5. On August 8, 2024, prior to filing their motion in this case, representatives of CDPQ and DEKA held a conference call to discuss their leadership of this action to ensure that it will be litigated in the best interest of all Class members, their shared interests in prosecuting the case in a collaborative manner, and the procedures and protocols to be followed in jointly prosecuting the case. *See id.* ¶ 8; *see also Borteanu v. Nikola Corp.*, 562 F. Supp. 3d 174, 185-87 (D. Ariz. 2021) (on remand from the Ninth

3

Circuit, the district court appointed as lead plaintiff a group of three investors that "adequately set out its prosecution procedures and communication mechanisms in its Joint Declaration").

As the presumed "most adequate plaintiff," the PSLRA and Ninth Circuit authority requires that CDPQ and DEKA be appointed as Lead Plaintiff absent "***proof***" that they are atypical, inadequate, or subject to unique defenses. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II); *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002). As no movant has, or will be able to, meet the requisite standard of "***proof***" to rebut the statutory presumption in favor of CDPQ and DEKA, they are entitled to appointment as Lead Plaintiff. Accordingly, CDPQ and DEKA, as the presumed "most adequate plaintiff," respectfully request that the Court appoint them as Lead Plaintiff and approve their selection of Labaton as Lead Counsel for the Class and Stoll Berne as Liaison Counsel for the Class.

## ARGUMENT

### A.     CDPQ and DEKA Are the "Most Adequate Plaintiff"

As set forth by the Ninth Circuit, "[t]he 'most capable' plaintiff-and hence the lead plaintiff-is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." *Cavanaugh*, 306 F.3d at 729.

> [T]he district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit. It must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of "typicality" and "adequacy."

*Id.* at 730 (emphasis in original). The movant that has the largest financial interest need only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements. *See Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-61 (N.D. Cal. 2018). Once this presumption attaches, it can only be rebutted "upon proof" that the presumptive lead plaintiff

4

will not fairly represent the interests of the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *In re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021) ("The statute requires proof that the presumptive lead plaintiff is not adequate."); *see also Cavanaugh*, 306 F.3d at 732 (explaining that the PSLRA's presumption is triggered even if the district court believes another movant may be "more typical [] more adequate . . . [or] would do a better job").

As applied, CDPQ and DEKA respectfully submit that because they hold the largest financial interest of any qualified movant and otherwise satisfy Rule 23's typicality and adequacy requirements, they have satisfied the PSLRA's sequential review process, and are therefore entitled to appointment as Lead Plaintiff.

### 1.    CDPQ and DEKA Have the Largest Financial Interest in the Outcome of the Action

CDPQ and DEKA, having suffered approximately ***$93,592,039*** in losses on a LIFO basis as a result of their Class Period purchases of NIKE Class B common stock, undisputedly possess the largest financial interest of any movant. In assessing financial interest, Courts in this Circuit generally look to four factors: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period." *Malriat v. QuantumScape Corp.*, No. 3:21-cv-00058-WHO, 2021 WL 1550454, at *3 (N.D. Cal. Apr. 20, 2021). "In practice, district courts 'equate financial interest with actual economic losses suffered.'" *Hardy v. MabVax Therapeutics Holdings*, No. 18-cv-01160-BAS-NLS, 2018 WL 4252345, at *3 (S.D. Cal. Sept. 6, 2018); *Sigman v. NuScale Power Corp.*, No. 3:23-cv-01689-IM, 2024 WL 727253, at *4 (D. Or. Feb. 22, 2024) ("This Court adopts the monetary losses mode of calculation . . . that has been the primary mode of calculation in the District of Oregon."). Further, the overwhelming weight of authority in the Ninth Circuit requires courts to calculate financial

5

loss using the LIFO calculation method for lead plaintiff purposes, as opposed to alternative accounting methods such as first-in-first-out ("FIFO") calculation. *QuantumScape Corp.*, 2021 WL 1550454, at *3 ("'[T]he weight of authority puts the most emphasis on the competing movants' estimated losses, using a 'last in, first out ("LIFO") methodology.'"); *Lewis v. CytoDyn, Inc.*, No. C21-5190 BHS, 2021 WL 3709291, at *4 (W.D. Wash. Aug. 19, 2021) ("The trend among courts nationwide has been to use LIFO in calculating competing movants' estimated losses.").

| MOVANT[3] | LIFO LOSS | FIFO LOSS | TOTAL SHARES BOUGHT | NET SHARES BOUGHT | NET EXPENDITURES |
|---|---|---|---|---|---|
| CDPQ | $77,972,203 | $88,013,648 | 6,135,818 | 336,763 | $86,222,520 |
| DEKA Funds | $15,619,836 | $18,226,231 | 676,542 | 302,276 | $37,705,647 |
| Combined CDPQ and DEKA Funds | $93,592,039 | $106,239,880 | 6,812,360 | 639,039 | $123,928,167 |
| SWIB | $37,137,632 | $87,168,792 | 3,781,814 | 842,766 | $98,103,567 |
| The Five Israeli Funds | $26,575,298 | $47,431,635 | 1,649,496 | 350,244 | $38,935,760 |
| Institutional Investor Funds | $23,276,553 | $32,777,211 | 708,535 | 387,034 | $49,777,971 |

As demonstrated in the above chart, CDPQ and DEKA triumph on the fourth and most important factor of approximate losses suffered with LIFO and FIFO losses significantly larger than any other movant. Further, CDPQ alone sustained larger losses than any other movant both on a LIFO and a FIFO basis, with a LIFO loss over twice as large as SWIB, the movant with the next largest loss. *Doherty v. Pivotal Software, Inc.*, No. 3:19-cv-03589-CRB, 2019 WL 5864581, at *6 (N.D. Cal. Nov. 8, 2019) (appointing a group as lead plaintiff and noting that "[c]ourts in the Ninth Circuit have held that it is not necessary for members of a group to aggregate themselves in

---

[3] These calculations are derived from trading information each respective movant filed with their initial motions. *See* ECF Nos. 18, 20, 22, & 24.

order to overcome the largest financial interest requirement if one of the group's members could meet that requirement by itself"). CDPQ and DEKA also bought the most shares and made the largest net expenditures of any movant.

To the extent any movant asks the Court to ignore the straightforward financial interest analysis described above and focus exclusively on the net shares factor, such arguments would be misplaced here in a case with multiple stock declines of various sizes. Besides holding that loss is the most important factor in appointing a lead plaintiff, courts in this District and elsewhere have consistently held that net shares are not a useful tool for considering financial interest where "gradual disclosures are involved," particularly where "there were disparities in how the disclosures affected the relevant stock price." *NuScale Power Corp.*, 2024 WL 727253, at *4. Here, based on the pleadings before the Court, the fraud was disclosed gradually over the course of two years with varying sizes of stock declines. *See* ECF No. 19 at 6-7 (describing how the fraud in the Action was disclosed between June 27, 2022 and June 27, 2024 through disclosures resulting in stock drops of 7%, 13%, 12%, and 20%). Under these facts, the net shares factor of the financial interest analysis is simply ***not*** useful for determining the greatest financial interest. *See Retail Wholesale Dep't Store Union Loc. 338 Ret. Fund v. Stitch Fix, Inc.*, No. 22-cv-04893-HSG, 2023 WL 3613313, at *4 (N.D. Cal. May 22, 2023) ("'[N]et shares purchased and a retained shares calculation are less useful analytical tools where gradual disclosures are involved, because those methods assume a constant fraud premium throughout the class period.'").

As such, there can be no credible dispute that CDPQ and DEKA have the "largest financial interest in the relief sought by the class" and are entitled to be appointed Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 2.    CDPQ and DEKA Satisfy Rule 23's Typicality and Adequacy Requirements

In addition to possessing the largest financial interest in the outcome of the litigation, CDPQ and DEKA easily satisfy the applicable requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). To overcome the strong presumption entitling CDPQ and DEKA to appointment as Lead Plaintiff, the PSLRA requires "proof" that the presumptive lead plaintiff is atypical or inadequate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As demonstrated in their opening brief, CDPQ and DEKA are typical Class members. *See* ECF No. 19 at 10. Like all other Class members, CDPQ and DEKA (1) purchased NIKE Class B common stock during the Class Period, (2) at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions, and (3) were harmed when the truth was revealed. *See MabVax Therapeutics Holdings*, 2018 WL 4252345, at *6. As such, CDPQ and DEKA are typical Class representatives.

CDPQ and DEKA also satisfy Rule 23's adequacy requirement because they are capable of "fairly and adequately protect[ing] the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). CDPQ and DEKA have submitted evidence of their ability to direct this litigation jointly and in the best interests of the Class. *See* ECF No. 20-4; *see also Bruce v. Suntech Power Holdings Co. Ltd.*, No. CV 12-04061 RS, 2012 WL 5927985, at *3 (N.D. Cal. Nov. 13, 2012) (appointing as lead plaintiff a group of investors that "submitted a joint declaration attesting that each [group member] is knowledgeable about the litigation, that they are working together, and that they are committed to protecting the interests of the Class"). As set forth in their Joint Declaration, CDPQ and DEKA are sophisticated institutional investors collectively responsible for managing billions in assets and have significant experience acting

as fiduciaries and overseeing outside counsel in complex litigation, including serving as PSLRA-appointed lead plaintiff. *See* ECF No. 31-4 ¶¶ 2-4.

Indeed, CDPQ and DEKA are precisely the type of sophisticated institutional investors that Congress intended to lead securities class actions. Each institution fully understands their obligations to the Class under the PSLRA and are willing and able to undertake the responsibilities of the Lead Plaintiff to ensure the vigorous prosecution of this action. Courts in the Ninth Circuit routinely appoint cohesive groups of institutional investors like CDPQ and DEKA that have "demonstrated they will vigorously prosecute the action on behalf of the class." *See City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 5:11-CV-04003-LHK, 2012 WL 78780, at *5 (N.D. Cal. Jan. 9, 2012); *see also Mersho*, 6 F.4th at 903 n.4 ("[It] is clear from the statutory language" that "group[s] can serve as lead plaintiff.").

Further, there is no conflict of interest between CDPQ and DEKA's interests and those of the other Class members. To the contrary, the interests of CDPQ and DEKA and other Class members are directly aligned because all suffered damages from their purchases of NIKE Class B common stock that was artificially inflated by defendants' misconduct. As discussed above, CDPQ and DEKA clearly have a sufficient interest to ensure the vigorous prosecution of this litigation, and have the experience and resources to prosecute this action efficiently and in the best interests of the Class. Thus, CDPQ and DEKA have both the incentive and ability to supervise and monitor counsel.

CDPQ and DEKA have also demonstrated their adequacy through their selection and retention of Labaton as proposed Lead Counsel on behalf of the Class. Labaton is a nationally recognized securities class action law firm with an established track record of achieving substantial recoveries for the benefit of injured investors and has the expertise and resources necessary to

9

handle litigation of this complexity and scale.

In sum, having claimed a financial interest significantly larger than any other movant while also satisfying the typicality and adequacy requirements of Rule 23, CDPQ and DEKA are undisputedly the "most adequate plaintiff" under the PSLRA. As no movant has, or will be able to, rebut this presumption, CDPQ and DEKA are entitled to appointment as Lead Plaintiff.

### B.    CDPQ and DEKA's Choice of Counsel Should be Approved

CDPQ and DEKA have selected Labaton as the proposed Lead Counsel for the Class and Stoll Berne as proposed Liaison Counsel for the Class. "While the appointment of counsel is made subject to the approval of the court, the [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff." *Cavanaugh*, 306 F.3d at 734. "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009). As discussed in CDPQ and DEKA's opening memorandum, Labaton is a nationally recognized securities class action firm and thus highly qualified to litigate this case under their direct oversight and direction. *See* ECF No. 19 at 14-15.

### C.    All Competing Motions Should be Denied

Because CDPQ and DEKA have met all the requirements for appointment as Lead Plaintiff, the Court need not consider the competing motions. Under the PSLRA, *Cavanaugh*, and *Mersho*, the inquiry ends with CDPQ's and DEKA's appointment and no further analysis of the competing motions is permitted. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Cavanaugh*, 306 F.3d at 729 n.2 ("[T]he statute provides that the presumption 'may be rebutted only upon proof . . . that the presumptively most adequate plaintiff' does not satisfy the adequacy or typicality requirements of Rule 23.") (ellipsis in original); *Mersho*, 6 F.4th at 901 (explaining that unsupported speculation

10

"does not comport with the burden-shifting process Congress established in the PSLRA," under which "competing movants must point to evidence"); *see also Weston v. DocuSign, Inc.*, No. 22-cv-00824-WHO, 2022 WL 1301770, at *4 (N.D. Cal. Apr. 18, 2022) ("Proof is key—the presumption may not 'be set aside for any reason that the court may deem sufficient.'"). This, without more, is sufficient to deny the competing movants' motions under the PSLRA's "straightforward" and sequential lead plaintiff selection process. *Cavanaugh*, 306 F.3d at 732 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status[.]"). In fact, given the financial disparity, any opposition to CDPQ and DEKA's motion would plainly contradict clear Ninth Circuit guidance suggesting that rejection of a group with the largest individual loss would be "incongruous with the PSLRA's presumption that the investors with the largest stake have the greatest incentive to supervise the litigation closely." *Mersho*, 6 F.4th at 901 n.3. As a result, the remaining competing motions should be denied.

## CONCLUSION

CDPQ and DEKA respectfully request that the Court appoint them as Lead Plaintiff, approve their selection of Labaton as Lead Counsel to the Class and Stoll Berne as Liaison Counsel for the Class, and deny all competing motions.

DATED: September 3, 2024                    Respectfully submitted,

/s/ *Timothy S. DeJong*
Timothy S. DeJong, OSB No. 940662

STOLL STOLL BERNE LOKTING &
SHLACHTER P.C.
Timothy S. DeJong, OSB No. 940662
tdejong@stollberne.com
Keith A. Ketterling, OSB No. 913368
kketterling@stollberne.com

11

Cody Berne, OSB No. 142797
cberne@stollberne.com
209 Southwest Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840

*Liaison Counsel for Proposed Lead Plaintiff*

LABATON KELLER SUCHAROW LLP
Eric J. Belfi (*pro hac vice* forthcoming)
ebelfi@labaton.com
Francis P. McConville (admitted *pro hac vice*)
fmcconville@labaton.com
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

LABATON KELLER SUCHAROW LLP
Mark S. Willis (*pro hac vice* forthcoming)
mwillis@labaton.com
1050 Connecticut Avenue NW, Suite 500
Washington, D.C.  20036
Telephone: (212) 907-0855
Facsimile: (212) 818-0477

*Counsel for Proposed Lead Plaintiff and Proposed
Lead Counsel for the Class*

DRRT
Joseph Gulino (*pro hac vice* forthcoming)
jgulino@drrtcom
340 West Flagler Street, 2nd Floor
Miami, Florida 33130
Telephone: (305) 760-8030
Facsimile: (305) 760-8030

*Additional Counsel for DEKA*

12