**Exhibit A**

**SUPPLEMENTAL DECLARATION IN FURTHER SUPPORT OF
MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND
APPROVAL OF SELECTION OF LEAD COUNSEL**

We, the undersigned, pursuant to 28 U.S.C. §1746, declare as follows:

1.      We respectfully submit this Supplemental Declaration in further support of the motion of DEKA, on account of the DEKA Funds listed in the Schedule A attached to DEKA's Certification, and CDPQ for appointment as Lead Plaintiff and approval of selection of Lead Counsel in the securities class action currently pending against NIKE and certain NIKE senior executives.[1] We each have personal knowledge about the information in this Declaration relating to the institution with which we are individually associated.

2.      We, Carla Zinkand and Michael Windischmann, as authorized signatories of DEKA, are authorized to make this supplemental declaration on its behalf.

3.      I, Lucas J. Gifuni, serve as Director, Legal Affairs for CDPQ and am authorized to make this declaration on CDPQ's behalf.

4.       DEKA and CDPQ are aware that in addition to their motion, three other NIKE investors filed motions seeking appointment as Lead Plaintiff in this action.  We have been advised that, among those movants, DEKA and CDPQ assert the largest financial interest in the claims against NIKE, and that two of the three other movants have recognized this superior financial interest.  Nonetheless, we have been advised that one competing movant—the Israeli Funds—have raised minor questions relating to the accuracy of our certifications and loss analyses filed with

---

[1] Unless otherwise noted, all defined terms and abbreviations remain unchanged from the initial Joint Declaration DEKA and CDPQ submitted with their motion.  *See* ECF No. 20-4.

our initial motion along with questions about DEKA's standing to bring claims on behalf of the DEKA Funds.[2]

5.      This Supplemental Declaration addresses each of the specific questions raised by the Israeli Funds and reaffirms DEKA's and CDPQ's commitment to representing the Class. DEKA and CDPQ are of course willing to provide additional information upon the Court's request.

6.      First, the certification and loss chart filed with DEKA's motion for Lead Plaintiff appointment accurately listed each of the DEKA Funds' transactions in NIKE shares during the Class Period, including each of the four transfers identified by the Israeli Funds. There were no other transfers of NIKE shares during the Class Period between the DEKA Funds listed in the Schedule A attached to DEKA's Certification.

7.      The decision to transfer a fund from one investment managing company to another or to merge funds within the investment managing company leads to the transfer of shares. As listed in Schedule A therefore: on June 30, 2022, SHC-Masterfonds received 3,000 shares; on December 30, 2022, Kinderdorf-Fonds received 4,000 shares; and on September 30, 2021, WertpapierStrategiePortfolio MA received a total of 4,778 shares in two transfers.

8.      Accordingly, on the dates listed in DEKA's filing documents for those transfers, the DEKA Funds acquired control of those shares. Therefore, DEKA accurately listed each acquisition as a transfer into the DEKA Funds.

---

[2] The Israeli Funds consist of: Meitav Provident and Pension Funds Ltd., Kranot Hishtalmut Le Morim Tichoniim Morey Seminarim Ve Mefakhim Hevra Menahelet Ltd. and Kranot Hishtalmut Le Morim Ve Gananot Hevra Menahelet Ltd., and Menora Mivtachim Insurance Ltd. and Menora Mivtachim Pensions and Gemel Ltd.

9.      Further, the Israeli Funds' argument that DEKA lacks standing is wrong as it ignores the structure of and relationship between DEKA and the DEKA Funds as explained in DEKA's initial motion papers.

10.      DEKA is organized as a Kapitalverwaltungsgesellschaft ("KVG").  Under German law, a KVG makes investments for the benefit of third parties.  In particular, KVGs create and manage investment funds.  These funds are not legal entities and are separate estates from the KVG.  The KVG makes investment decisions for these funds.  Although the KVG makes investment decisions for the benefit of the funds, the funds and their investors cannot transfer or otherwise dispose of the investments itself.  When these investments lose value, the relevant funds are harmed directly.

11.      In this instance, DEKA is a KVG which makes investment decisions on behalf of the DEKA Funds.  When these investments lose value, the DEKA Funds and their investors are harmed.  The DEKA Funds are not legal entities.

12.      The KVG has the authority to sue in its own name for damages suffered by funds it administers.  This includes suing the issuer of securities along with its officers and directors for damages suffered by the funds administered by the KVG.  The funds themselves have no legal authority under German law to pursue such claims on their own.  They depend on the KVG to assert their rights and have their damages compensated.

13.      Therefore, DEKA, as the KVG, has the exclusive authority and obligation to bring claims in this action on behalf of the DEKA Funds, which have no authority to bring such claims themselves.

14.      As for CDPQ, I Lucas J. Gifuni, have reviewed the specific transaction in question – a transfer of 100,000 NIKE shares on November 17, 2022.  My understanding is that specific transaction was not a sale but a free of payment movement of shares by our custodian to an outside

- 3 -

counterparty. Notwithstanding this transfer, the 100,000 shares remain on CDPQ's balance sheet and can be recalled at any time by CDPQ. CDPQ therefore still owns the shares. To my knowledge, there were no other reported transfers of NIKE shares during the Class Period of this nature.


**[REMAINDER OF PAGE INTENTIONALLY BLANK]**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

DATED: September 8th, 2024

Carla Zinkand
Authorized Signatory
Deka Investment GmbH

Michael Windischmann
Authorized Officer Gremien & Regularien
Deka Investment GmbH

- 5 -

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

DATED:  September 16, 2024

Lucas J. Gifuni
Director, Legal Affairs
Caisse de dépôt et placement du Québec