STOEL RIVES LLP
B. JOHN CASEY, Bar No. 120025
john.casey@stoel.com
ALEX VAN RYSSELBERGHE, Bar No. 174836
alex.vanrysselberghe@stoel.com
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone:     503.224.3380
Facsimile:     503.220.2480

GIBSON, DUNN & CRUTCHER LLP
BRIAN M. LUTZ *(Pro Hac Vice)*
blutz@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone:     415.393.8200
Facsimile:     415.393.8306

JESSICA VALENZUELA *(Pro Hac Vice)*
jvalenzuela@gibsondunn.com
JEFF LOMBARD *(Pro Hac Vice)*
jlombard@gibsondunn.com
310 University Avenue
Palo Alto, CA 94301-1744
Telephone:     650.849.5300
Facsimile:     650.849.5333

*Attorneys for Defendants Nike, Inc., John J. Donahoe II, Matthew Friend, Mark G. Parker, Heidi L. O'Neill, and Andrew Campion*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| IN RE NIKE, INC. SECURITIES LITIGATION | Case No. 3:24-cv-00974-AN<br><br>Judge: Hon. Adrienne Nelson<br><br>**DEFENDANTS' REQUEST TO INCORPORATE DOCUMENTS BY REFERENCE AND FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>**ORAL ARGUMENT REQUESTED** |

DEFENDANTS' REQUEST TO INCORPORATE DOCUMENTS BY REFERENCE AND FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS

Defendants Nike, Inc. ("NIKE"), John J. Donahoe II, Matthew Friend, Mark G. Parker, Heidi L. O'Neill, and Andrew Campion (collectively, "Defendants") in the above-captioned action respectfully request that the Court incorporate by reference and/or take judicial notice of Exhibits 1 through 25 to the Declaration of Jessica Valenzuela in support of Defendants' Motion to Dismiss Second Amended Consolidated Class Action Complaint, filed concurrently herewith. The Exhibits are set forth in the table below, with a citation in the right-hand column to the paragraphs and other locations in the Second Amended Consolidated Class Action Complaint ("SAC") where they are quoted and/or referenced.

| Exhibit No. | Document Title | SAC Paragraph(s) |
|---|---|---|
| 1 | Press Release titled "NIKE, Inc. Announces New Consumer Direct Offense: A Faster Pipeline to Serve Consumers Personally, At Scale," dated June 15, 2017 | 84–85 |
| 2 | Transcript of NIKE's Earnings Release Conference Call for the fourth quarter of 2017, dated June 29, 2017 | - |
| 3 | Press release titled "NIKE, Inc. Reports Fiscal 2019 Fourth Quarter and Full Year Results" filed on Form 8-K with the SEC on June 27, 2019 | 78–81 |
| 4 | Press release titled "NIKE, Inc. Reports Fiscal 2020 Fourth Quarter and Full Year Results" filed on Form 8-K with the SEC on June 25, 2020 | 78–81, 86, 710 |
| 5 | Transcript of NIKE's Earnings Release Conference Call for the fourth quarter of 2020, dated June 25, 2020 | 5, 94–99, 119, 122, 128, 136, 141 |
| 6 | Excerpts of NIKE's Annual Report on Form 10-K, filed with the SEC on July 24, 2020 | - |
| 7 | Press release titled "NIKE, Inc. Reports Fiscal 2021 Fourth Quarter and Full Year Results" filed on Form 8-K with the SEC on June 24, 2021 | 6, 448–49 |
| 8 | Excerpts of NIKE's Annual Report on Form 10-K, filed with the SEC on July 20, 2021 | 103, 453–60 |
| 9 | Transcript of NIKE's Earnings Release Conference Call for the first quarter of 2022, dated September 23, 2021 | 113, 391, 461–68, 713, 750, 754 |

Page 1 -  DEFENDANTS' REQUEST TO INCORPORATE DOCUMENTS BY REFERENCE
AND FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS

| 10 | Article published on May 16, 2022, by Women's Wear Daily, titled "Andy Campion Offers a Peek Behind the Curtain" | 113, 391, 510–11 |
|---|---|---|
| 11 | Press release titled "NIKE, Inc. Reports Fiscal 2022 Fourth Quarter and Full Year Results" filed on Form 8-K with the SEC on June 27, 2022 | 130, 512–13 |
| 12 | Transcript of NIKE's Earnings Release Conference Call for the fourth quarter of 2022, dated June 27, 2022 | 99, 130, 136, 514–24, 715, 723 |
| 13 | Excerpts of NIKE's Annual Report on Form 10-K, filed with the SEC on July 21, 2022 | 103, 525–32 |
| 14 | Excerpts of NIKE's Quarterly Report on Form 10-Q, filed with the SEC on April 6, 2023 | 569–70 |
| 15 | Press release titled "NIKE, Inc. Reports Fiscal 2023 Fourth Quarter and Full Year Results" filed on Form 8-K with the SEC on June 29, 2023 | 571–72 |
| 16 | Transcript of NIKE's Earnings Release Conference Call for the fourth quarter of 2023, dated June 29, 2023 | 26, 345, 390, 392, 573–81, 716, 723, 751 |
| 17 | Excerpts of NIKE's Annual Report on Form 10-K, filed with the SEC on July 20, 2023 | 83, 103, 119, 582–89 |
| 18 | Transcript of NIKE's Earnings Release Conference Call for the second quarter of 2024, dated December 21, 2023 | 19, 30, 130, 273, 297, 304, 397–403, 596–99, 613, 620–31, 761, 767 |
| 19 | Transcript of NIKE's Earnings Release Conference Call for the third quarter of 2024, dated March 21, 2024 | 16, 19, 22, 25, 32, 275, 297, 304, 323, 325, 352–53, 368, 404–09, 600–02, 620, 632–42, 717, 766–69 |
| 20 | Transcript of NIKE's Earnings Release Conference Call for the fourth quarter of 2024, dated June 27, 2024 | 19, 22, 25, 34, 277, 301, 306, 308, 324–25, 355, 357, 410–16, 620, 643–57, 769 |
| 21 | Excerpts of NIKE's Annual Report on Form 10-K, filed with the SEC on July 25, 2024 | 83, 603–10 |
| 22 | Transcript of NIKE's Earnings Release Conference Call for the first quarter of 2025, dated October 1, 2024 | 16, 19, 38, 135, 303, 306–08, 326, 356–57, 397, 417–22, 613, |

Page 2 -  DEFENDANTS' REQUEST TO INCORPORATE DOCUMENTS BY REFERENCE
        AND FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS

| | | 620, 658–67, 762, 768 |
|---|---|---|
| 23 | Compilation of Form 4s filed by Mr. Donahoe with the SEC between September 1, 2017 through October 1, 2024 | 781–82 |
| 24 | Compilation of Form 4s filed by Mr. Friend with the SEC between September 1, 2017 through October 1, 2024 | 781, 783–85 |
| 25 | Compilation of Form 4s filed by Mr. Parker with the SEC between September 1, 2017 through October 1, 2024 | 781, 786–87 |

## I. DISCUSSION

In securities class actions, like this one, plaintiffs allege that company executives knowingly lied to their shareholders and that investors suffered losses when the "truth" about those lies was purportedly revealed. When making these allegations, plaintiffs routinely rely on cherry-picked snippets of defendants' statements and omit critical context that undercuts or, in some cases, proves false plaintiffs' accusations of fraud. To combat this type of gamesmanship, the Supreme Court has held that, "courts ***must*** consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (emphasis added). The court's consideration of documents outside the four-corners of the complaint—*i.e.*, documents incorporated by reference or subject to judicial notice—does not convert a Rule 12(b)(6) motion into a motion for summary judgment. *Boquist v. Courtney*, 32 F.4th 764, 772 (9th Cir. 2022). Indeed, courts in this District regularly consider documents incorporated by reference and/or subject to judicial notice when assessing motions to dismiss securities fraud claims. *See, e.g.*, *HRSA-ILA Funds v. Adidas AG*, 745 F. Supp. 3d 1127, 1133 n.2 (D. Or. 2024) (granting defendant's request for judicial notice); *Surina v. NuScale Power, LLC*, 2023 WL 6003842, at *2 (D. Or. Aug. 3, 2023), *R. & R. adopted sub nom. Surina, v. NuScale Power, LLC*, 2023 WL 7521394 (D. Or. Nov.

Page 3 - DEFENDANTS' REQUEST TO INCORPORATE DOCUMENTS BY REFERENCE
AND FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS

13, 2023) ("[T]he court may consider documents that are attached to or incorporated by reference in the complaint, where the parties do not contest the authenticity of those documents, as well as matters capable of judicial notice.").

A document may be incorporated by reference into the complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (citation omitted); *see also Nw. Infrastructure LLC v. City of Portland*, 2021 WL 5912153, at *2 (D. Or. Dec. 14, 2021). Incorporation by reference "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *See Khoja.* 899 F.3d at 1002; *see also In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) (holding that the district court's consideration of "the full text of the Prospectus, including portions which were not mentioned in the complaints[,]" was appropriate). Once a document is deemed incorporated by reference, the Court "may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Courts may take judicial notice of facts that are "not subject to reasonable dispute," meaning they are either "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)–(2). Courts routinely take judicial notice of matters of public record, including filings with the Securities and Exchange Commission ("SEC"). *See Dreiling v. Am. Exp. Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (court "may consider . . . any matter subject to judicial notice, such as SEC filings"); *In re Pixar Sec. Litig.*, 450 F. Supp. 2d 1096, 1100 (N.D. Cal. 2006) (granting defendants' request to take judicial notice of transcripts of investor conference calls and SEC filings); *see also Heliotrope Gen. Inc. v.*

Page 4 -  DEFENDANTS' REQUEST TO INCORPORATE DOCUMENTS BY REFERENCE
          AND FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS

*Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (taking judicial notice "that the market was aware of the information contained in news articles submitted by the defendants").

For the reasons discussed below, the Court should incorporate by reference and/or take judicial notice of Exhibits 1 through 25 to the Valenzuela Declaration.

**A.      SEC Filings (Exhibits 3, 4, 6, 7, 8, 11, 13, 14, 15, 17, 21, 23, 24, 25)**

Defendants request the Court deem incorporated by reference excerpts of NIKE's annual and quarterly reports on Forms 10-Q and 10-K, filed with the SEC on July 20, 2021(Exhibit 8), July 21, 2022 (Exhibit 13), April 6, 2023 (Exhibit 14), July 20, 2023 (Exhibit 17), and July 25, 2024 (Exhibit 21); along with NIKE's press releases on Form 8-Ks, filed with the SEC on June 24, 2021 (Exhibit 7), June 27, 2022 (Exhibit 11), and June 29, 2023 (Exhibit 15).  These documents form the basis of Plaintiffs' Section 10(b) claim as they contain allegedly false and misleading statements Plaintiffs challenge in the SAC.  *See* ¶¶ 103, 453–60 (Exhibit 8); ¶¶ 103, 525–32 (Exhibit 13); ¶¶ 569–70 (Exhibit 14); ¶¶ 83, 103, 119, 582–89 (Exhibit 17); ¶¶ 83, 603–10 (Exhibit 21); ¶¶ 6, 448–49 (Exhibit 7); ¶¶ 130, 512–13 (Exhibit 11); ¶¶ 571–72 (Exhibit 15).  *See Das v. Unity Software, Inc.*, 2024 WL 1141733, at *6 (N.D. Cal. Mar. 15, 2024) (documents containing the allegedly false and misleading statements incorporated by reference); *Ritchie*, 342 F.3d at 908 (incorporation by reference appropriate where "plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim").  For example, Plaintiffs allege that NIKE's warnings related to product innovation in its Forms 10-K were false and misleading because NIKE allegedly portrayed the risk of misjudging the balance between selling new and existing products as merely hypothetical (*i.e.,* "Failure to respond in a timely and adequate manner ***could*** have a material adverse effect on our sales and profitability.").  *See* ¶¶ 453, 525, 582, 603.  However, in the very same paragraph containing the alleged misstatement, NIKE stated that this was "a continuing risk."  *See* Exhibits 8,

Page 5 -  DEFENDANTS' REQUEST TO INCORPORATE DOCUMENTS BY REFERENCE
            AND FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS

13, 17, and 21. The Court must consider these documents in full to properly assess the merits of Plaintiffs' allegations that Defendants made false or misleading statements. The same is true for Plaintiffs' scienter allegations, which rest, in part, on Defendants' alleged stock "sales" before and during the Class Period. *See* ¶¶ 781–87. The Form 4s filed by Mr. Donahoe (Exhibit 23), Mr. Friend (Exhibit 24), and Mr. Parker (Exhibit 25), with the SEC between September 1, 2017 through October 1, 2024, are the only method by which Plaintiffs could have derived information about the Defendants' purported "sales." *See City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1059 (N.D. Cal. 2012) (taking judicial notice of Form 4s filed with the SEC as the stock sale and insider trading allegations derived from information therein). Moreover, incorporation by reference is particularly warranted here as Plaintiffs do not accurately represent the reality of the "sales" reported on the Form 4s. As just one example, all of Mr. Donahoe's supposed "sales" during the Class Period were non-discretionary transactions where NIKE *withheld* shares to satisfy tax withholdings. *See* Exhibit 23. Incorporation by reference is also warranted for NIKE's press releases filed on Form 8-Ks with the SEC on June 27, 2019 (Exhibit 3) and June 25, 2020 (Exhibit 4), as Plaintiffs use these documents—or financial metrics cited therein–as background and context for their claims. *See* ¶¶ 78–81 (Exhibit 3); ¶¶ 78–81, 86, 710 (Exhibit 4). *See Das*, 2024 WL 1141733, at *6 (finding press releases incorporated by reference because they formed the "basis" of plaintiffs' claims).

Finally, all of the SEC filings, including excerpts of NIKE's Annual Report on Form 10-K, filed with the SEC on July 24, 2020 (Exhibit 6) are also subject to judicial notice. *See In re Splunk Inc. Sec. Litig.*, 592 F. Supp. 3d 919, 930 (N.D. Cal. 2022) (holding that courts routinely take judicial notice of SEC filings to determine the information available to the market); *Terra Tech*

*Corp. v. Vandevrede*, 2019 WL 1877607, at \*1 n.2 (C.D. Cal. Feb. 27, 2019) (taking judicial notice of Form 4s filed with the SEC).

**B.     Public Press Releases (Exhibit 1)**

NIKE's press release titled "NIKE, Inc. Announces New Consumer Direct Offense: A Faster Pipeline to Serve Consumers Personally, At Scale," published on June 15, 2017 (Exhibit 1) may be incorporated by reference as Plaintiffs use this document as background and context for their claims. *See* ¶¶ 84–85 (Exhibit 1). *See Das*, 2024 WL 1141733, at \*6 (finding press releases incorporated by reference because they formed the "basis" of plaintiffs' claims).  Exhibit 1 is also subject judicial notice.  *See In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1062 (C.D. Cal. 2012) ("Courts in the Ninth Circuit routinely take judicial notice of press releases."); *see, e.g., Das*, 2024 WL 1141733, at \*6 (taking judicial notice of press release).

**C.     Transcripts (Exhibits 2, 5, 9, 12, 16, 18, 19, 20, 22)**

NIKE's Earnings Release Conference Call Transcripts for June 25, 2020 (Exhibit 5), September 23, 2021 (Exhibit 9), June 27, 2022 (Exhibit 12), June 29, 2023 (Exhibit 16), December 21, 2023 (Exhibit 18), March 21, 2024 (Exhibit 19), June 27, 2024 (Exhibit 20), and October 1, 2024 (Exhibit 22) are also incorporated by reference.  These transcripts are quoted and referenced extensively throughout the SAC and form the basis of Plaintiffs' claims, containing allegations regarding alleged false statements or purporting to support Plaintiffs' loss causation theories.  *See* ¶¶ 5, 94–99, 119, 122, 128, 136, 141 (Exhibit 5); ¶¶ 113, 391, 461–68, 713, 750, 754 (Exhibit 9); ¶¶ 99, 130, 136, 514–24, 715, 723 (Exhibit 12); ¶¶ 26, 345, 390, 392, 573–81, 716, 723, 751 (Exhibit 16); ¶¶ 19, 30, 130, 273, 297, 304, 397–403, 596–99, 613, 620–31, 761, 767 (Exhibit 18); ¶¶ 16, 19, 22, 25, 32, 275, 297, 304, 323, 325, 352–53, 368, 404–09, 600–02-, 620, 632–42, 717, 766–69 (Exhibit 19); 19, 22, 25, 34, 277, 301, 306, 308, 324–25, 355, 357, 410–16, 620, 643–57, 769

Page 7 -  DEFENDANTS' REQUEST TO INCORPORATE DOCUMENTS BY REFERENCE
        AND FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS

(Exhibit 20); 16, 19, 38, 135, 303, 306–08, 326, 356–57, 397, 417–22, 613, 620, 658–67, 762, 768 (Exhibit 22).  *See Ritchie*, 342 F.3d at 908.

Finally, the transcripts of NIKE's earnings calls, including NIKE's earnings call on June 29, 2019 (Exhibit 2), are subject to judicial notice.  These transcripts are publicly available and the fact that statements were made to investors as set forth therein is not subject to reasonable dispute.  As such, the Court may also take judicial notice of Exhibits 2, 5, 9, 12, 16, 18, 19, 20, and 22.  *See, e.g., Shenwick v. Twitter, Inc*., 282 F. Supp. 3d 1115, 1124 (N.D. Cal. 2017) (taking judicial notice of transcript from investor conference).

D.      **Articles (Exhibit 10)**

Lastly, the *Women's Wear Daily* article published on May 16, 2022, titled "Andy Campion Offers a Peek Behind the Curtain" (Exhibit 10), should be incorporated by reference.  This article forms the basis of Plaintiffs' Section 10(b) claim as it contains the single alleged misstatement asserted against Mr. Campion.  ¶¶ 113, 391, 510–11; *see Ritchie*, 342 F.3d at 908.  Consideration of the full text of this document is critical because it proves Plaintiffs' allegations are without merit.  Plaintiffs misleadingly allege that Defendant Campion misled investors by stating that "the [direct to consumer ("DTC")] supply chain is more productive than ever," noting that NIKE had "three to four times greater digital commerce distribution capability than [they] had two years ago."  *See* ¶¶ 113(d), 391, 510.  Plaintiffs allege this statement was misleading because "NIKE failed to develop an effective DTC supply chain."  ¶ 431.  However, elsewhere in Exhibit 10 describes how NIKE "tripled its digital distribution" at a national distribution center in Memphis and opened "regional centers in the U.S. and Europe," which suggest that Mr. Campion's single challenged statement was *true.*  Exhibit 10 is also subject to judicial notice as courts regularly take judicial notice of news articles to indicate what information was in the market.  *Von Saher v. Norton Simon Museum of Art*

Page 8 -  DEFENDANTS' REQUEST TO INCORPORATE DOCUMENTS BY REFERENCE
          AND FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS

*at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *overruled on other grounds by Galbraith v. Cnty.*
*Of Santa Clara*, 307 F.3d 1119, 1125-26 (9th Cir. 2002).

## II. CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court incorporate by
reference and/or take judicial notice of Exhibits 1 through 25 in its consideration of Defendants'
Motion to Dismiss.

DATED:  May 12, 2025

STOEL RIVES LLP


*/s/ John Casey*
B. John Casey, OSB No. 120025
  john.casey@stoel.com
Alex Van Rysselberghe, OSB No. 174836
  alex.vanrysselberghe@stoel.com
Telephone: (503) 224-3380

GIBSON, DUNN & CRUTCHER LLP
Brian M. Lutz *(Pro Hac Vice)*
  blutz@gibsondunn.com
Jessica Valenzuela *(Pro Hac Vice)*
  jvalenzuela@gibsondunn.com
Jeff Lombard *(Pro Hac Vice)*
  JLombard@gibsondunn.com

*Attorneys for Defendants Nike, Inc., John J.*
*Donahoe II, Matthew Friend, Mark G. Parker,*
*Heidi L. O'Neill, and Andrew Campion*


Page 9 -  DEFENDANTS' REQUEST TO INCORPORATE DOCUMENTS BY REFERENCE
         AND FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS