**STOLL STOLL BERNE LOKTING & SHLACHTER P.C.**
Timothy S. DeJong, OSB No. 940662
tdejong@stollberne.com
Keith A. Ketterling, OSB No. 913368
kketterling@stollberne.com
Cody Berne, OSB No. 142797
cberne@stollberne.com
209 Southwest Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840

*Liaison Counsel for Lead Plaintiffs and the Proposed Class*

*Additional Counsel on Signature Page*

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| IN RE NIKE, INC. SECURITIES LITIGATION | Case No. 3:24-cv-00974-AN <br><br> Judge: Hon. Adrienne Nelson <br><br> **NOTICE OF SUPPLEMENTAL AUTHORITY** |

NOTICE OF SUPPLEMENTAL AUTHORITY

Lead Plaintiffs Caisse de dépôt et placement du Québec and Deka Investment GmbH respectfully submit three recent securities decisions as supplemental authorities in further opposition (ECF No. 69) to Defendants' pending motion to dismiss (ECF No. 66).

*First*, in *Gimpel v. The Hain Celestial Grp., Inc.*, 2025 WL 2749562 (2d Cir. Sept. 29, 2025) ("*Hain*," Ex. A), the Second Circuit reaffirmed the fundamental principle also recognized by the Ninth Circuit (*see* ECF No. 69 at 5), that once "a company speaks on an issue or topic," it must "**tell the whole truth**" and assumes "a duty to be both accurate and complete." *Hain* at *10.[1] Thus, *Hain* reversed the lower court's dismissal and held that the defendants' failure to disclose the company's reliance on channel stuffing practices and that "demand for [its] products had waned" "triggered" this "'half-truth' doctrine," rendering materially misleading their positive public statements touting "the company's success," *e.g.*, the "strong demand" for its products, and other reassurances "downplaying inventory concerns." *Id.* at *11-12. *See* ECF No. 69 at 7-8, 19-20, 22-23. *Hain* also rejected defendants' argument that they had "adequately disclosed" these issues to investors, holding that this "truth-on-the-market defense" entails a "fact-intensive inquiry" that "should not be resolved at the pleadings stage," and defendants' "generic" disclosures did not "sufficiently counterbalance[]" the misleading impression left by their positive misstatements. *Hain* at *12. *See* ECF No. 69 at 8, 12. Further, *Hain* found that confidential witness ("CW") allegations supported a strong inference of scienter as they showed that defendants "knew facts or had access to information suggesting that their public statements were not accurate." *Hain* at *15-16. *See* ECF No. 69 at 26-32. *Hain* held that scienter was bolstered by other "supplemental, circumstantial" allegations that are also present here: (i) the departure of "the Individual

---

[1] Unless otherwise noted, all emphasis is added and internal citations are omitted.

Defendants and other key personnel . . . under suspicious circumstances" (*Hain* at *17; *see* ECF No. 69 at 33-34); (ii) "core operations" allegations that the fraud concerned "areas of critical import to [the company] and its executives, who we may infer are likely to know more about things central to their business" (*Hain* at *16 & n.19; *see* ECF No. 69 at 32-33); and (iii) insider sales by some defendants and their bonus structure (*Hain* at *14; *see* ECF No. 69 at 34-35).

**Second,** in *Alghazwi v. Beauty Health Co.*, 2025 WL 2751076 (C.D. Cal. Sept. 23, 2025) ("*BHC*," Ex. B), the court denied a motion to dismiss where defendants allegedly touted "the success" of a new product while knowingly concealing multiple, severe problems with the product that impeded its launch. *Id.* at *1. The court found a "compelling inference" of scienter based in part on defendants' participation in various internal meetings discussing such product defects and "recei[pt] [of] reports" regarding the issues. *Id*. at *11-12; *see* ECF No. 69 at 28-32. The court also rejected defendants' "fraud-by-hindsight" argument, emphasizing that their gradual awareness of product issues "does not excuse" misrepresentations about the success of the product that they "knew or should have known were misleading when made;" it explained that scienter did not depend on a finding that defendants "knew all along that [the product] would end in catastrophic failure," but instead on their repeated assurances of success "coupled with their alleged knowledge of issues" that rendered those statements false. *BHC* at *13. *See* ECF No. 69 at 3-4, 13-14. Further, *BHC* found the CWs' accounts sufficiently reliable given the description of "their job titles, duties, reporting structure, and dates of employment," rejecting defendants' arguments, *e.g.*, "that none of the [CWs] directly reported to the Individual Defendants." *BHC* at *15. *See* ECF No. 69 at 27-28. The court further reaffirmed that while "some" CW statements may constitute "hearsay," this "does not automatically disqualify [them] from consideration in the scienter calculus." *BHC* at *15. *See* ECF No. 69 at 28 n.26. As to falsity, *BHC* rejected defendants' (i) "truth-on-the-market

2

defense" that the product "issues were widely known" by investors and (ii) argument that their statements were "accurate" as they were "misleading because they highlighted only positive feedback while omitting any reference to the numerous issues" with the product. *BHC* at \*16-17. *See, e.g.,* ECF No. 69 at 8, 12 (truth-on-the-market); 7-8, 10, 14 (literal truth). The court also was unpersuaded by defendants' "puffery" attack "given the context—including the central importance of [the product] to [the company's] profits, analysts' specific questions… and Defendants' alleged knowledge of the" many product problems. *BHC* at \*17. *See* ECF No. 69 at 24-26.

**Third**, in *In re Fastly, Inc. Securities Litigation*, 2025 WL 2721693 (N.D. Cal. Sept. 24, 2025) ("*Fastly*," Ex. C), the court held that defendants' statements claiming, *e.g.*, that the company "was not seeing *any* 'slowing in growth'" were misleading because they omitted that it "was seeing 'some slowing in growth' at the time" given declines in usage and revenue from some large customers, because once executives "choose to tout positive information," they are "required to disclose adverse information that cut[] against that positive statement." *Id.* at \*7. *See* ECF No. 69 at 5, 7-8, 19-20 (claiming, *e.g.*, that NIKE was seeing "strong consumer demand in North America" with "no signs of any softness"). The court also held that defendants' "risk disclosures" were misleading as they "warned of risks that *could* result if [the company] did not succeed in increasing its enterprise customers' usage of its platform, but did not disclose that that risk 'may have *already* come to fruition.'" *Fastly* at \*14 (emphasis added). *See* ECF No. 69 at 12, 16, 18-19. Further, *Fastly* rejected defendants' attacks on the CWs, explaining that "[p]laintiffs have provided 'an adequate basis for determining that the witnesses in question have personal knowledge of the events they report,' which is all that [p]laintiffs are required to do at this stage." *Fastly* at \*8. *See* ECF No. 69 at 27-28. Similarly, the court rejected defendants' arguments that plaintiffs "have not alleged sufficient details" about the issues discussed in internal meetings or reports. *Fastly* at \*8.

*See* ECF No. 69 at 18 n.12, 28-29, 30 n.29. *Fastly* further found scienter pled based on primarily CW accounts, which "when considered holistically," show that defendants knew of the issues and the "negative impact" on revenue based on their participation at "all-hands meetings" discussing these issues, including by defendants themselves. *Fastly* at *20-21. *See* ECF No. 69 at 28-32, 35.

DATED: October 27, 2025                                    Respectfully submitted,

                                                           */s/ Irina Vasilchenko*
                                                           Irina Vasilchenko

                                                           **LABATON KELLER SUCHAROW LLP**
                                                           Carol C. Villegas (*pro hac vice*)
                                                           cvillegas@labaton.com
                                                           Irina Vasilchenko (*pro hac vice*)
                                                           ivasilchenko@labaton.com
                                                           Matthew J. Grier (*pro hac vice*)
                                                           mgrier@labaton.com
                                                           Nicolas Apter-Vidler (*pro hac vice*
                                                           forthcoming)
                                                           napter-vidler@labaton.com
                                                           140 Broadway
                                                           New York, NY 10005
                                                           Telephone: (212) 907-0700
                                                           Facsimile: (212) 818-0477

                                                           **LABATON KELLER SUCHAROW LLP**
                                                           Mark Willis (*pro hac vice* forthcoming)
                                                           mwillis@labaton.com
                                                           1050 Connecticut Avenue NW, Suite 500
                                                           Washington, D.C. 20036
                                                           Telephone: (202) 772-1880
                                                           Facsimile: (212) 818-0477

                                                           *Counsel for Lead Plaintiffs and Lead
                                                           Counsel for the Proposed Class*

                                                           **DRRT**
                                                           Jonathan Cohen (*pro hac vice*)
                                                           jcohen@drrt.com
                                                           340 West Flagler Street, 2nd Floor

Miami, FL 33130
Telephone: (305) 760-8030
Facsimile: (305) 760-8031

*Additional Counsel for Deka Investment GmbH*

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Steven J. Toll (*pro hac vice*)
stoll@cohenmilstein.com
Molly J. Bowen (*pro hac vice*)
mbowen@cohenmilstein.com
Margaret (Emmy) Wydman (*pro hac vice*)
ewydman@cohenmilstein.com
1100 New York Ave. NW, Suite 800
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699

*Additional Counsel for the Proposed Class*

**STOLL STOLL BERNE LOKTING & SHLACHTER P.C.**
Timothy S. DeJong, OSB No. 940662
tdejong@stollberne.com
Keith A. Ketterling, OSB No. 913368
kketterling@stollberne.com
Cody Berne, OSB No. 142797
cberne@stollberne.com
209 Southwest Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840

*Liaison Counsel for Lead Plaintiffs and the Proposed Class*