**STOLL STOLL BERNE LOKTING & SHLACHTER P.C.**
Timothy S. DeJong, OSB No. 940662
tdejong@stollberne.com
Keith A. Ketterling, OSB No. 913368
kketterling@stollberne.com
Cody Berne, OSB No. 142797
cberne@stollberne.com
209 Southwest Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600

*Liaison Counsel for Lead Plaintiffs and the
Proposed Class*

*Additional Counsel on Signature Page*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

|  |  |
|---|---|
| IN RE NIKE, INC. SECURITIES LITIGATION | ) Case No. 3:24-cv-00974-AN<br>)<br>) Judge: Hon. Adrienne Nelson<br>)<br>) **PLAINTIFFS' MOTION TO COMPEL**<br>) **26(f) CONFERENCE AND**<br>) **DEFENDANTS' PARTICIPATION IN**<br>) **DISCOVERY**<br>)<br>) **EXPEDITED REMOTE HEARING**<br>) **REQUESTED** |

PLAINTIFFS' MOTION TO COMPEL 26(f) CONFERENCE
AND DEFENDANTS' PARTICIPATION IN DISCOVERY
Case No. 3:24-cv-00974-AN

**LOCAL RULE 7-1 CERTIFICATION**

Pursuant to Local Rule 7-1, Plaintiffs certify that they made a good faith effort to resolve this dispute with Defendants on multiple meet-and-confers, including on May 11, 2026, where the Parties discussed the present motion and Plaintiffs' request for an expedited remote hearing.[1] Defendants oppose Plaintiffs' motion and take no position on Plaintiffs' request for an expedited hearing.

**MOTION**

Plaintiffs respectfully move this Court for an order compelling Defendants to participate in the conference of counsel required by Federal Rule of Civil Procedure 26(f) and Local Rule 26-1 ("26(f) Conference") and to proceed with discovery as required by law. Defendants have refused to attend a 26(f) Conference, claiming incorrectly that discovery remains stayed under the Private Securities Litigation Reform Act ("PSLRA"), preventing discovery from moving forward and impeding the efficient prosecution of this case. Plaintiffs respectfully request an expedited remote hearing on this motion.

Defendants indicated on a May 6, 2026 meet-and-confer that they intend to file a motion seeking acknowledgment from the Court that discovery is stayed. Given the ongoing prejudice Plaintiffs face by Defendants' refusal to engage in the 26(f) Conference and in discovery generally, we file the instant motion to resolve this dispute as efficiently as possible.

---

[1] "Plaintiffs" refers to Caisse de dépôt et placement du Québec and Deka Investment GmbH, and "Defendants" refers to NIKE, Inc. ("NIKE") and former NIKE CEO and Board member John J. Donahoe II. "Federal Rule" or "Rule" refers to the Federal Rules of Civil Procedure, and "Local Rule" refers to the Local Rules of Civil Procedure in this District. Unless otherwise noted, all emphasis is added and all internal citations and quotations are omitted.

PLAINTIFFS' MOTION TO COMPEL 26(f) CONFERENCE
AND DEFENDANTS' PARTICIPATION IN DISCOVERY
Case No. 3:24-cv-00974-AN

## I.    INTRODUCTION AND BACKGROUND

In March 2025, Plaintiffs filed the Second Amended Complaint (the "SAC"), which Defendants moved to dismiss. ECF Nos. 65, 66. On March 31, 2026, after briefing and oral argument, the Court granted in part and denied in part Defendants' motion to dismiss (ECF No. 85, the "Order"). While the Court dismissed certain claims and granted Plaintiffs leave to amend, the Court found that the SAC adequately alleged claims based on Defendant Donahoe's September 2023 misleading assurance that NIKE's "innovation pipeline is strong." *Id*. at 36-37, 48. The Order held that claims based on Donahoe's misstatement "may go forward" (*Id*. at 56), and Plaintiffs filed a Status Report on April 23, 2026 advising that "they will not be filing a further amended complaint at this time, and that the case should proceed as sustained by the Order" (ECF No. 89).

Because this is a securities class action, the PSLRA mandated that discovery was "stayed during the pendency of [Defendants'] motion to dismiss." 15 U.S.C. §78u-4(b)(3)(B) (the "PSLRA Discovery Stay"). The PSLRA Discovery Stay was lifted with the denial in part of Defendants' motion to dismiss. As such, Plaintiffs noted in their Status Report that they had "circulated a proposed case schedule to Defendants and anticipate that the parties will promptly negotiate case management documents for submission to the Court." ECF No. 89. Unfortunately, Plaintiffs have hit a roadblock requiring them to seek relief from the Court: Defendants' complete refusal to engage in any discovery, including participating in a 26(f) Conference and negotiating a case schedule.

Defendants' refusal halts discovery at the starting gate because a 26(f) Conference is the necessary predicate to all discovery—Plaintiffs cannot serve discovery requests or receive Defendants' initial disclosures until the parties confer. Thus, Defendants are blocking Plaintiffs

2

PLAINTIFFS' MOTION TO COMPEL 26(f) CONFERENCE
AND DEFENDANTS' PARTICIPATION IN DISCOVERY
Case No. 3:24-cv-00974-AN

from pursuing any discovery, even though the PSLRA Discovery Stay has been lifted, and the Court held that Plaintiffs adequately alleged claims that "may go forward" (Order at 56).

Defendants advised Plaintiffs that they view a 26(f) Conference as "premature." They claim that the PSLRA Discovery Stay is still in effect because they intend to file a motion for judgment on the pleadings under Rule 12(c). But the PSLRA Discovery Stay is not triggered by a motion for judgment on the pleadings under Rule 12(c), as the plain statutory text and purpose of the PSLRA make clear. Indeed, numerous recent decisions have rejected the same arguments Defendants have invoked here to unilaterally freeze discovery.

Defendants' refusal to engage in any discovery reveals their anticipated 12(c) motion for what it is: a meritless delay tactic meant to prejudice Plaintiffs by preventing discovery from getting underway. Indeed, Plaintiffs understand that Defendants intend to argue in their 12(c) motion that the SAC fails to plead a claim—despite the Order's holding to the contrary. They intend to assert that the SAC did not adequately allege the element of loss causation—a far-fetched argument that Defendants could have raised in their motion to dismiss but didn't. Defendants' gamesmanship should not be rewarded. Plaintiffs respectfully request that the Court grant this motion and compel Defendants to attend a 26(f) Conference and proceed with discovery.

## II.    ARGUMENT

### A.    Plaintiffs Are Entitled to a 26(f) Conference and Discovery

Under Rule 26(f)(2), parties must hold a conference to "consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about preserving discoverable information; and develop a proposed discovery plan." Rule 26(f) Conferences are a

PLAINTIFFS' MOTION TO COMPEL 26(f) CONFERENCE
AND DEFENDANTS' PARTICIPATION IN DISCOVERY
Case No. 3:24-cv-00974-AN

foundational prerequisite to discovery, as a party "may not seek discovery from any source before the parties have conferred." Rule 26(d)(1).

Ensuring that parties do not unilaterally freeze discovery by refusing to engage in a 26(f) Conference, the Federal and Local Rules make these conferences mandatory. Rule 26(f)(1) requires that "the parties **must** confer as soon as practicable," and Local Rule 26-1(1) sets forth that the "parties **must** hold a Fed. R. Civ. P. 26(f) initial conference of counsel for discovery planning."[2]

Because of the mandatory and foundational nature of 26(f) Conferences, courts regularly compel attendance to such conferences if parties fail to participate in them. *See Panyanouvong v. Aphay*, 2014 WL 2986507, at *7-8 (W.D. Wash. July 1, 2014) (compelling attendance at Rule 26(f) Conference and awarding attorneys' fees); *ING Bank, fsb v. Fazah*, 2009 WL 3824751, at *3, 5 (E.D. Cal. Nov. 16, 2009) (compelling participation in Rule 26(f) conference); *see also Secure Channels, Inc. v. Coleridge*, 2017 WL 3026059, at *1 (W.D. Wash. May 1, 2017) (denying plaintiff's motion to compel as moot and ordering Rule 26(f) conference deadline, warning "that continued gamesmanship surrounding discovery conferences and other actions that prevent this matter from moving forward will not be tolerated").

There are limited exceptions to the requirement that parties hold a 26(f) Conference, specifically when a case is "exempted from initial disclosure . . . or when the court orders otherwise." Rule 26(f)(1). This case is neither exempted from initial disclosures, nor has the Court entered an order relieving Defendants of their obligation to confer with Plaintiffs under Rule 26(f).

---

[2] Local Rule 26-1(1) requires that this conference occur "within 30 days after a defendant files a responsive pleading or a motion under Fed. R. Civ. P. 12." The PSLRA stayed discovery pending Defendants' 12(b) motion to dismiss, but it has been well over 30 days since the Court denied in part Defendants' motion, and thus a 26(f) Conference is undoubtedly ripe.

4

PLAINTIFFS' MOTION TO COMPEL 26(f) CONFERENCE
AND DEFENDANTS' PARTICIPATION IN DISCOVERY
Case No. 3:24-cv-00974-AN

Defendants are bound by law to attend a 26(f) Conference with Plaintiffs so that this case "may go forward" in accordance with the Court's Order. Order at 56.

**B.        Defendants' Anticipated 12(c) Motion Does Not Freeze Discovery**

Defendants have advised Plaintiffs that they believe holding a 26(f) Conference is "premature" because they plan to file a motion for judgment on the pleadings under Rule 12(c). Defendants have represented that they plan to argue in their 12(c) motion that the SAC fails to state a claim because it does not adequately allege loss causation. They argue, incorrectly, that the PSLRA Discovery Stay has not, in fact, been lifted by the Court's Order, and that they are entitled to refuse to attend a 26(f) Conference with Plaintiffs and engage in discovery. Defendants are wrong.

The PSLRA provides that "all discovery and other proceedings shall be stayed during the pendency of any ***motion to dismiss***." 15 U.S.C. §78u-4(b)(3)(B). Thus, the plain statutory text of the PSLRA limits its stay of discovery to the time in which a motion to dismiss—not a motion for judgment on the pleadings—is pending.

While some courts have erroneously applied the PLSRA Discovery Stay to 12(c) motions, many courts, including in this Circuit, have rejected defendants' attempts to delay discovery by filing 12(c) motions in securities class actions. In *In re Facebook, Inc. Securities Litigation*, 2025 WL 556282, at *1 (N.D. Cal. Feb. 19, 2025), the Northern District of California held that the PSLRA Discovery Stay is not triggered by a 12(c) motion for judgment on the pleadings. The court based its holding on the statutory text and purpose of the PSLRA:

> By its terms, ***the PSLRA discovery stay does not apply when there is a post-answer motion for judgment on the pleadings under Rule 12(c)***. This makes good sense. One of the purposes of the PSLRA stay is to prevent plaintiffs from filing frivolous lawsuits and using them as vehicles in order to conduct discovery in the hopes of finding a sustainable claim not alleged in the complaint. Now that

5

PLAINTIFFS' MOTION TO COMPEL 26(f) CONFERENCE
AND DEFENDANTS' PARTICIPATION IN DISCOVERY
Case No. 3:24-cv-00974-AN

the Ninth Circuit has found some claims to be properly stated, discovery would no longer act as a fishing expedition to salvage a deficient complaint.

*Id*. (internal alterations omitted).

In the instant action, this Court found that Plaintiffs adequately alleged securities claims based on Donahoe's September 2023 misrepresentation that NIKE's "innovation pipeline is strong." Order at 36-37, 48. The Court thus held that these claims "may go forward." *Id.* at 56. Therefore, much like in *Facebook*, discovery would not "act as a fishing expedition to salvage a deficient complaint." 2025 WL 556282, at *1. Instead, engaging in discovery here is essential to the efficient prosecution of ***claims that this Court has already sustained***.

Similarly, in *Glazing Employers & Glaziers Union Local #27 Pension & Retirement Fund v. iRhythm Technologies, Inc.*, 2025 WL 2243640, at *1 (N.D. Cal. Aug. 6, 2025), the Northern District of California rejected defendants' attempt to "unilaterally halt discovery . . . merely by filing a motion for judgment on the pleadings." Echoing *Facebook*, the court in *iRhythm* noted that "[t]he statute's language here is plain," and freezing discovery in light of a 12(c) motion would not be "consistent with the purpose of a PSLRA stay." *Id*. at *2. The *iRhythm* court went further, describing the absurd results that would follow if 12(c) motions stayed discovery.

First, Defendants' "interpretation creates an inconsistency between Rule 12(c) and the PSLRA stay." *Id*. This is because Rule 12(c) requires motions for judgment on the pleadings be filed "***early enough not to delay trial***[,] . . . [b]ut applying the automatic stay to a Rule 12(c) motion will almost always result in a trial delay." *Id.* (emphasis in original).

Second, "the stay applies to discovery and 'other proceedings', meaning that, under Defendants' interpretation they can unilaterally halt all court-ordered proceedings, not just discovery." *Id*. Thus, following Defendants' logic, "on the eve of a court-ordered magistrate judge

6

PLAINTIFFS' MOTION TO COMPEL 26(f) CONFERENCE
AND DEFENDANTS' PARTICIPATION IN DISCOVERY
Case No. 3:24-cv-00974-AN

settlement conference, a defendant could file a motion for judgment on the pleadings and thus unilaterally require that the court-ordered conference be postponed. ***The PSLRA does not give defendants such case management power.***" *Id.*

In sum, Defendants do not have "the unilateral power to stop further proceedings in their tracks once the pleadings have closed and the court has found the complaint sufficient under the PSLRA's heightened pleading standards." *Id.* at \*3; *see also Brand Engagement Network, Inc. v. Brewer,* 2026 WL 1243448, at \*2 (N.D. Tex. May 6, 2026) (denying motion to stay discovery under the PSLRA in light of 12(c) motion, as "the applicable plain and unambiguous statutory text does not include motions for judgment on the pleadings" and applying the stay would not "comport[] with the rationale underlying the" PSLRA); *In re Coinbase Glob. Inc. Sec. Litig.*, No. 2:22-cv-04915, ECF No. 98 (D.N.J. Jan. 3, 2025) ("Discovery will not be stayed [under the PSLRA], and the parties shall proceed with a Rule 26 conference" during pendency of 12(c) motion). Thus, discovery should proceed, consistent with the Order, beginning with Defendants' participation in a 26(f) Conference. [3]

### C.    Plaintiffs Are Prejudiced by Defendants' Meritless Delay Tactic

Defendants' refusal to engage in discovery is particularly improper, as their 12(c) motion is a meritless delay tactic that only serves to prejudice Plaintiffs.

---

[3] The *iRythym* court also rejected defendants' reliance on *Petrie v. Electronic Game Card, Inc.*, 761 F.3d 959 (9th Cir. 2014). *iRythym*, 2025 WL 2243640, at \*3. There, "the plaintiff did not argue that [] the stay did not apply to a Rule 12(c) motion so the Ninth Circuit assumed, without deciding, that it did. The court did not have to resolve the motion to dismiss versus motion for judgment on the pleadings question to rule in the plaintiffs' favor, which it did." *Id*. In *In re eHealth Inc. Securities Litigation*, 2023 WL 3951178, at \*2-3 (N.D. Cal. June 12, 2023), the court stayed discovery pending a 12(c) motion but improperly relied on *Petrie*. Notably, the *eHealth* decision predates *Facebook*, *iRhythm*, *Brewer*, and *Coinbase*.

PLAINTIFFS' MOTION TO COMPEL 26(f) CONFERENCE
AND DEFENDANTS' PARTICIPATION IN DISCOVERY
Case No. 3:24-cv-00974-AN

To state a securities claim, plaintiffs must allege "loss causation"—which is the "causal connection between the material misrepresentation and the loss." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 342 (2005). Defendants advised Plaintiffs that they intend to argue in their 12(c) motion that the SAC fails to plead a claim because it does not adequately allege loss causation. But ***the Court just held in its Order that the SAC adequately pled securities claims*** against NIKE and Donahoe, and Defendants had ample opportunity to challenge loss causation in their motion to dismiss but did not do so. Defendants held back their loss causation argument—seemingly so that they could launch it now in an attempt to freeze discovery once again.

Defendants' delay tactic is especially transparent, given the futility of their 12(c) motion, as loss causation involves "no more than the familiar test for proximate cause," which can be met by Plaintiffs in "an 'infinite variety' of ways." *Mineworkers' Pension Scheme v. First Solar Inc.*, 881 F.3d 750, 753 (9th Cir. 2018). Here, the SAC alleged a conventional securities fraud claim based on a series of partial disclosures of the truth and/or materializations of concealed risk, which directly implicated NIKE's innovation and pipeline. *E.g.*, SAC ¶¶624, 626, 628, 633-34, 636, 639-40, 645-47, 653, 660-61, 666. Any further dispute on that issue would undoubtedly constitute a merits issue that is not ripe at this stage.

Plaintiffs are prejudiced by Defendants' baseless conduct. As time marches on, "[d]elay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *In re Tiktok, Inc., Minor Priv. Litig.*, 2025 WL 3628598, at *5 (C.D. Cal. Nov. 5, 2025) (quoting *Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007)), *tentative decision adopted* 2025 WL 3628448 (C.D. Cal. Nov. 6, 2025). The initial complaint was filed almost two years ago in June 2024 (ECF No. 1), and the SAC was filed over a year ago in March 2025 (ECF No. 65). Donahoe's misstatement about NIKE's "innovation

PLAINTIFFS' MOTION TO COMPEL 26(f) CONFERENCE
AND DEFENDANTS' PARTICIPATION IN DISCOVERY
Case No. 3:24-cv-00974-AN

pipeline" was made in September 2023, and the SAC detailed how "[t]he process to create and launch new products takes 2.5-2 years" and that NIKE's "lack of innovation" "originated" with the CDA strategy's reorganization in 2020. SAC ¶¶261, 284, 366. Thus, facts relevant to the sustained misstatement may date years into the past.

Compounding Plaintiffs' prejudice is the significant turnover that NIKE continues to experience. As detailed in the SAC, Defendant Donahoe and former Chief Operating Officer Andrew Campion are no longer with NIKE. SAC ¶¶761-64. Since the filing of the SAC, former Consumer, Product & Brand President Heidi O'Neill and former Chief Commercial Officer Craig Williams have also departed NIKE.[4] NIKE's first Chief Innovation Officer John Hoke (SAC ¶296)—whose appointment the Court relied on in sustaining Plaintiffs' claims (Order at 36)—departed NIKE in 2025, and his replacement left in April 2026.[5] Similarly, the SAC detailed numerous rounds of layoffs (SAC ¶¶274, 276), and NIKE recently announced in April 2026 that it was cutting another 1,400 jobs.[6] The longer this case is delayed, the greater the likelihood that key document custodians and deponents continue to churn out of NIKE.

---

[4] Cara Salpini, *Nike Cuts 1,400 jobs across tech operations,* Retail Dive (April 24, 2026), https://www.retaildive.com/news/nike-layoffs-cuts-thousands-tech-jobs/818391/; Vicki M. Young, *Craig Williams to Leave Nike + More Changes to Senior Leadership Team at the Swoosh*, Women's Wear Daily (Dec. 2, 2025) https://wwd.com/footwear-news/shoe-industry-news/nike-craig-williams-leaves-executive-changes-1238368625/.

[5] *Nike's longtime design and innovation chief John Hoke to retire*, Reuters (May. 29, 2025), https://www.reuters.com/business/nikes-longtime-design-innovation-chief-john-hoke-retire-bloomberg-news-reports-2025-05-29/; Cara Salpini, *Nike's innovation chief departs as leadership turnover continues*, Retail Dive (April 12, 2026), https://www.retaildive.com/news/nike-innovation-chief-tony-bignell-exits-andy-caine-turnaround/817310/#.

[6] Cara Salpini, *Nike cuts 1,400 jobs across tech operations,* Retail Dive (April 24, 2026), https://www.retaildive.com/news/nike-layoffs-cuts-thousands-tech-jobs/818391/.

9

PLAINTIFFS' MOTION TO COMPEL 26(f) CONFERENCE
AND DEFENDANTS' PARTICIPATION IN DISCOVERY
Case No. 3:24-cv-00974-AN

Further delay, therefore, puts the thorough and efficient prosecution of this case at risk—and is especially improper given the transparency of Defendants' gamesmanship.

## III.    CONCLUSION

Plaintiffs are entitled to pursue discovery, beginning with a 26(f) Conference. Defendants' sole basis for refusing that conference—and all discovery obligations that flow from it—is a conjured theory that their obligations are relieved by the PSLRA Discovery Stay, even though this Court already held that Plaintiffs adequately alleged claims against Defendants that may proceed. Defendants' delay tactic and disregard for their discovery obligations should not be rewarded.

Accordingly, Plaintiffs request the Court to compel that Defendants participate in a Rule 26(f) Conference with Plaintiffs and proceed with discovery as required by law.

DATED: May 11, 2026

Respectfully submitted,

/s/ Christine M. Fox
Christine M. Fox

**LABATON KELLER SUCHAROW LLP**
Carol C. Villegas (*pro hac vice*)
cvillegas@labaton.com
Christine M. Fox (*pro hac vice*)
cfox@labaton.com
Jake Bissell-Linsk (*pro hac vice*)
jbissell-linsk@labaton.com
Matthew J. Grier (*pro hac vice*)
mgrier@labaton.com
Emily N. Gault (*pro hac vice*)
egault@labaton.com
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700

**LABATON KELLER SUCHAROW LLP**
Mark Willis (*pro hac vice*)
mwillis@labaton.com
1050 Connecticut Avenue NW, Suite 500

10
PLAINTIFFS' MOTION TO COMPEL 26(f) CONFERENCE
AND DEFENDANTS' PARTICIPATION IN DISCOVERY
Case No. 3:24-cv-00974-AN

Washington, D.C. 20036
Telephone: (202) 772-1880

*Counsel for Lead Plaintiffs and Lead
Counsel for the Proposed Class*

**DRRT**
Jonathan Cohen (*pro hac vice*)
jcohen@drrt.com
340 West Flagler Street, 2nd Floor
Miami, FL 33130
Telephone: (305) 760-8030

*Additional Counsel for Deka Investment
GmbH*

**COHEN MILSTEIN SELLERS &
TOLL PLLC**
Steven J. Toll (*pro hac vice*)
stoll@cohenmilstein.com
Molly J. Bowen (*pro hac vice*)
mbowen@cohenmilstein.com
1100 New York Ave. NW, Suite 800
Washington, DC 20005
Telephone: (202) 408-4600

*Additional Counsel for the Proposed Class*

**STOLL STOLL BERNE LOKTING &
SHLACHTER P.C.**
Timothy S. DeJong, OSB No. 940662
tdejong@stollberne.com
Keith A. Ketterling, OSB No. 913368
kketterling@stollberne.com
Cody Berne, OSB No. 142797
cberne@stollberne.com
209 Southwest Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600

*Liaison Counsel for Lead Plaintiffs and the
Proposed Class*

11
PLAINTIFFS' MOTION TO COMPEL 26(f) CONFERENCE
AND DEFENDANTS' PARTICIPATION IN DISCOVERY
Case No. 3:24-cv-00974-AN