STOEL RIVES LLP
B. JOHN CASEY, OSB No. 120025
john.casey@stoel.com
ALEX VAN RYSSELBERGHE, OSB No. 174836
alex.vanrysselberghe@stoel.com
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: 503.224.3380
Facsimile: 503.220.2480

GIBSON, DUNN & CRUTCHER LLP
BRIAN M. LUTZ (*Pro Hac Vice*)
blutz@gibsondunn.com
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone: 415.393.8379
Facsimile: 415.374.8474

JESSICA VALENZUELA (*Pro Hac Vice*)
jvalenzuela@gibsondunn.com
JEFF LOMBARD (*Pro Hac Vice*)
jlombard@gibsondunn.com
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5340

*Attorneys for Defendants Nike, Inc. and John J. Donahoe II*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| IN RE NIKE, INC. SECURITIES LITIGATION | Case No. 3:24-cv-00974-AN<br>DEFENDANTS' MOTION TO ENFORCE A MANDATORY DISCOVERY STAY OR, IN THE ALTERNATIVE, FOR A DISCRETIONARY STAY<br>Judge: Hon. Adrienne Nelson |

## LOCAL RULE 7-1(A)(1) CERTIFICATE OF COMPLIANCE

The undersigned certifies that counsel for the parties made a good-faith effort through telephone conferences to resolve the dispute but have been unable to do so.

## MOTION

Defendants Nike, Inc. ("NIKE" or the "Company") and John J. Donahoe II (collectively, "Defendants") respectfully submit the following memorandum in support of their motion to enforce the discovery stay imposed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") or, in the alternative, for a discretionary stay of discovery, pending the Court's adjudication of their motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

## MEMORANDUM

## INTRODUCTION

The PSLRA's discovery stay provision is mandatory and expansive: "*all* discovery and other proceedings *shall* be stayed during the pendency of *any* motion to dismiss[.]" 15 U.S.C. § 78u-4(b)(3)(B) (emphases added). The mandatory stay is not limited to motions brought pursuant to Rule 12(b)(6)—it applies to "any motion to dismiss," including Rule 12(c) motions for judgment on the pleadings. *See Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 968 n.11 (9th Cir. 2014) ("the PSLRA discovery stay provision is triggered by a motion for judgment on the pleadings in the same manner it is triggered by a motion to dismiss").

This Court previously granted Defendants' motion to dismiss the Second Amended Consolidated Class Action Complaint ("SAC") in substantial part, dismissing 78 of the 79 challenged statements for failure to plead falsity and scienter. *See* ECF No. 85. The only statement that remains in the case is a statement on September 28, 2023, that NIKE's "innovation pipeline

PAGE 1 – DEFENDANTS' MOTION TO ENFORCE A MANDATORY DISCOVERY STAY OR, IN THE ALTERNATIVE, FOR A DISCRETIONARY STAY

is strong." *Id.* Defendants have moved for judgment on the pleadings pursuant to Rule 12(c) for failure to plead loss causation. The filing of the Rule 12(c) motion automatically triggers the PSLRA's mandatory discovery stay. *See In re eHealth Inc. Sec. Litig.*, 2023 WL 3951178, at *3 (N.D. Cal. June 12, 2023) ("[A] party seeking a motion for judgment on the pleadings is entitled to a PSLRA automatic stay notwithstanding a prior filing of a motion to dismiss.")

Even if the stay were not automatic, a discretionary stay is warranted under the Court's inherent authority to control its docket. All relevant considerations favor a discretionary stay of discovery here: if the Rule 12(c) motion is granted, it will dispose of this case in its entirety or, at a minimum, substantially narrow the relevant period by eliminating three of the four alleged corrective disclosure events. Defendants should not be subjected to needless, burdensome discovery until the Court has confirmed the proper scope of this case on the pleadings.

## BACKGROUND

On March 24, 2025, Plaintiffs filed the nearly 300-page SAC, challenging 79 statements over a three-and-a-half-year period from March 19, 2021 to October 1, 2024 under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934. ECF No. 65. The SAC challenged nearly every statement regarding NIKE's Consumer Direct Acceleration ("CDA") strategy over this period, including statements regarding NIKE's pace of innovation, supply chain, technology, consumer categories, competitive position, and channel mix. *Id.* The SAC alleged that the truth emerged gradually through four partial corrective disclosures—each tied to consecutive quarterly earnings calls in December 2023, March 2024, June 2024, and October 2024—that caused significant declines in NIKE's stock price. *Id.*

On May 12, 2025, Defendants moved to dismiss the SAC in its entirety under Federal Rule of Civil Procedure 12(b)(6) for failure to plead falsity and scienter. ECF No. 66 at 9–35. On

PAGE 2 – DEFENDANTS' MOTION TO ENFORCE A MANDATORY DISCOVERY STAY OR, IN THE ALTERNATIVE, FOR A DISCRETIONARY STAY

March 31, 2026, the Court granted Defendants' motion to dismiss in substantial part. ECF No. 85. The Court dismissed all challenged statements except for a September 2023 statement that NIKE's "innovation pipeline is strong." *Id.* at 42, 43–55.

Defendants answered the SAC on May 29, 2026. ECF No. 94. Defendants have moved—concurrently with this motion—for judgment on the pleadings under Rule 12(c). Defendants argue that Plaintiffs' loss causation theory rests entirely on the now-dismissed CDA strategy rather than on the sole surviving statement about NIKE's innovation pipeline and that the SAC should therefore be dismissed in its entirety. In the alternative, Defendants seek partial judgment, because Plaintiffs fail to sufficiently allege that the March, June, and October 2024 earnings calls corrected the sole remaining statement about NIKE's innovation pipeline.

## ARGUMENT

The Court should stay discovery on two independent grounds. The PSLRA mandates an automatic stay during the pendency of "*any* motion to dismiss"—which encompasses Defendants' Rule 12(c) motion. And even if the automatic stay did not apply, a discretionary stay is independently warranted under the Court's inherent authority.

I.   **The PSLRA Mandates an Automatic Stay of Discovery During the Pendency of Defendants' Rule 12(c) Motion**

The plain language of the PSLRA mandates an automatic stay of discovery upon the filing of a motion under Rule 12(c): "[i]n any private action arising under this chapter, all discovery and other proceedings *shall* be stayed during the pendency of *any* motion to dismiss . . . ." 15 U.S.C. § 78u-4(b)(3)(B) (emphases added). Two features of the text are dispositive. *First*, "shall" is mandatory—Congress did not give district courts discretion. *Chadbourne & Parke LLP v. Troice*, 571 U.S. 377, 383 (2014) (recognizing that the PSLRA "permits defendants to obtain automatic

PAGE 3 – DEFENDANTS' MOTION TO ENFORCE A MANDATORY DISCOVERY
STAY OR, IN THE ALTERNATIVE, FOR A DISCRETIONARY STAY

stays of discovery"). *Second*, the stay applies to "any" motion to dismiss. *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 219 (2008) ("Read naturally, the word any has an expansive meaning, that is one or some indiscriminately of whatever kind." (cleaned up)). Nothing in the text of the PSLRA distinguishes motions to dismiss brought before an answer is filed under Rule 12(b)(6) and motions brought after an answer is filed under Rule 12(c)—and for good reason, because the Federal Rules of Civil Procedure draw no such distinction.

The phrase "motion to dismiss" does not appear in Rule 12(b). Rule 12(b) simply lists defenses that "must be made [by motion] *before* pleading if a responsive pleading is allowed[,]" including "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (emphasis added). The label "motion to dismiss" is a term of art in practice, not grounded in the text of the Federal Rules. Tellingly, Rule 12(h)(2)—which governs when a failure-to-state-a-claim defense may be raised *after* the pleadings close—uses the identical "failure to state a claim upon which relief can be granted" language of Rule 12(b)(6), and expressly provides that this defense may be raised by "a motion under Rule 12(c)." Fed. R. Civ. P. 12(h)(2)(B). Put simply, the Federal Rules treat a Rule 12(c) motion and a Rule 12(b)(6) motion as interchangeable vehicles for raising the same defense (*i.e.*, failure to state a claim); the only distinction is *when* such a motion may be brought (before vs. after the pleadings close). *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (Rule 12(b)(6) and Rule 12(c) motions are "functionally identical" and "the same standard of review" applies to both motions); *see also In re eHealth Inc. Sec. Litig.*, 2023 WL 3951178, at *2–3 ("A motion for judgment on the pleadings, like a motion to dismiss for failure to state a claim, addresses the sufficiency of a pleading, and a court applies essentially the same standard on a Rule 12(c) motion as motions brought pursuant to Rule 12(b)(6)." (cleaned up)).

PAGE 4 – DEFENDANTS' MOTION TO ENFORCE A MANDATORY DISCOVERY STAY OR, IN THE ALTERNATIVE, FOR A DISCRETIONARY STAY

It is therefore unsurprising that the weight of authority requires an automatic discovery stay upon the filing of a post-answer Rule 12(c) motion:

- *In re eHealth Inc. Sec. Litig.*, 2023 WL 3951178, at *3 ("[A] party seeking a motion for judgment on the pleadings is entitled to a PSLRA automatic stay notwithstanding a prior filing of a motion to dismiss.");

- *Lian v. Tuya Inc.*, 2024 WL 1932623, at *1–2 (S.D.N.Y. May 2, 2024) (rejecting the argument "that a Rule 12(c) motion following a Rule 12(b) motion is somehow different from other motions to dismiss" and confirming PSLRA's discovery stay);

- *Shash v. Biogen Inc.*, 2024 WL 1415842, at *1–2 (D. Mass. Apr. 2, 2024) (granting motion to enforce discovery stay during the pendency of a 12(c) motion);

- *In re PlayAGS Inc. Sec. Litig.*, No. 20-cv-01209, ECF No. 123 at 1 (D. Nev. Mar. 23, 2023) (denying motion to stay discovery as moot because discovery was "already stayed" upon filing of a 12(c) motion);

- *Teamsters Loc. 237 Welfare Fund v. ServiceMaster Glob. Holdings, Inc.*, No. 20-cv-02553, ECF No. 83 at 5 (W.D. Tenn. July 1, 2022) ("[A] stay of discovery and other proceedings is required while the parties finish briefing Defendants' motion for judgment on the pleadings and the Court makes its determination of the motion.");

- *Turner Ins. Agency, Inc. v. Farmland Partners Inc.*, No. 18-cv-02104, ECF No. 85 at 2 (D. Colo. Jan. 6, 2020) (staying discovery finding "no basis for distinguishing between [Rule 12(c) and Rule 12(b)] motions for the purposes of the PSLRA");

- *F.D.I.C. v. Morgan Stanley & Co. LLC*, 2012 WL 12894738, at *2 (S.D. Tex. Oct. 30, 2012) (Rule 12(c) motion "may trigger the [PSLRA] stay in the same way as a Rule 12(b)(6) motion");

PAGE 5 – DEFENDANTS' MOTION TO ENFORCE A MANDATORY DISCOVERY STAY OR, IN THE ALTERNATIVE, FOR A DISCRETIONARY STAY

- *Texas Pac. Land Tr. v. Oliver*, No. 3:19-cv-1224, ECF No. 42 at 2 (N.D. Tex. June 25, 2019) (finding that the automatic discovery stay applies while a 12(c) motion is pending "[b]ased on the available authority and the rationale behind the PSLRA");

- *Gardner v. Major Auto. Cos.*, 2012 WL 1230135, at *4 (E.D.N.Y. Apr. 12, 2012) ("[A] Rule 12(c) motion is a 'motion to dismiss' within the meaning of the PSLRA automatic stay provision, and [] therefore the stay is triggered by defendants' Rule 12(c) motion."); and

- *Lewis v. Straka*, 2007 WL 2332421, at *4 (E.D. Wis. Aug. 13, 2007) (maintaining PSLRA stay pending Rule 12(c) motion).

While the Ninth Circuit has not ruled conclusively on this issue, the court assumed in *Petrie* (because no party contested the point) that "the PSLRA discovery stay provision is triggered by a motion for judgment on the pleadings in the same manner it is triggered by a motion to dismiss." 761 F.3d at 968 n.11.

Two recent district court decisions within the Ninth Circuit, however, have gone the other way, holding that, "[b]y its terms, the PSLRA discovery stay does not apply when there is a post-answer motion for judgment on the pleadings under Rule 12(c)."[1] *In re Facebook, Inc. Sec. Litig.*, 2025 WL 556282, at *1 (N.D. Cal. Feb. 19, 2025); *Glazing Emps. & Glaziers Union Loc. #27 Pension & Ret. Fund v. iRhythm Techs., Inc.* ("*iRhythm*"), 2025 WL 2243640, at *2 (N.D. Cal. Aug. 6, 2025) (similar). Neither decision is binding on this Court, and both were wrongly decided.

The central premise of *Facebook* and *iRhythm*—that the PSLRA's reference to "motion to dismiss" is a term of art limited to Rule 12(b) motions—is unsupported by the text of Rule 12

---

[1] In the parties' Joint Rule 26(f) Report, Plaintiffs rely on these decisions to argue that Defendants' 12(c) motion does not trigger the automatic stay under PSLRA. *See* ECF No. 96 at 2–3.

PAGE 6 – DEFENDANTS' MOTION TO ENFORCE A MANDATORY DISCOVERY STAY OR, IN THE ALTERNATIVE, FOR A DISCRETIONARY STAY

itself, as explained above.  And Rule 12(h)(2)(B) provides that a Rule 12(c) motion is the proper vehicle for raising the identical failure-to-state-a-claim defense that underlies every Rule 12(b)(6) motion to dismiss.  *See* Fed. R. Civ. P. 12(h)(2)(B) ("Failure to state a claim upon which relief can be granted . . . may be raised . . . by a motion under Rule 12(c)[.]").  In other words, Rule 12(h)(2)(B) expressly permits a party to test the legal sufficiency of the complaint *after* an answer has been filed.  *iRhythm*'s contrary holding—that a Rule 12(c) motion cannot test the legal sufficiency of the complaint because it is filed after an answer, 2025 WL 2243640, at *2, does not square with the text of Rule 12(h)(2)(B).

These cases also are distinguishable on their facts.  *Facebook* was a nearly seven-year-old case at the time defendants filed their motion to stay, and had survived four complaints, three motions to dismiss, an appeal to the Ninth Circuit, and a petition for certiorari—yet not a single document had been produced in discovery.  *Facebook*, 2025 WL 556282, at *1.  And in *iRhythm*, the court declined to stay proceedings in part because the pretrial schedule had already been set and if discovery was stayed, "the [c]ourt will have to amend the pretrial schedule and delay trial." *iRhythm*, 2025 WL 2243640, at *2.  None of these circumstances is present here.

Finally, the PSLRA's purpose reinforces its text.  Congress enacted the automatic discovery stay to prevent "unnecessary imposition of discovery costs on defendants," and to ensure that discovery "should be permitted in securities class actions only after the court has sustained the legal sufficiency of the complaint." *SG Cowen Sec. Corp. v. U.S. Dist. Court for N. Dist. of Cal.*, 189 F.3d 909, 911, 912–13 (9th Cir. 1999) (quoting H.R. Rep. No. 104-369, at 32 (1995); S. Rep. No. 104-98, at 14 (1995)).  That purpose is implicated here: In their Rule 12(b)(6) motion, Defendants challenged the legal sufficiency of Plaintiffs' Section 10(b) claim on falsity and scienter grounds, not loss causation.  Now that only a single statement survived the 12(b)(6)

PAGE 7 – DEFENDANTS' MOTION TO ENFORCE A MANDATORY DISCOVERY
STAY OR, IN THE ALTERNATIVE, FOR A DISCRETIONARY STAY

motion, Defendants are challenging the claim on loss causation grounds. Thus, the Court has not yet sustained the legal sufficiency of the claim on loss causation grounds, and permitting discovery to proceed before that determination is made would impose precisely the costs and burdens on Defendants that Congress directed courts to prevent.

## II. Even If the PSLRA's Automatic Stay Does Not Apply, the Court Should Exercise Its Discretion to Stay Discovery

Even if this Court were to conclude that the PSLRA's automatic stay does not extend to Rule 12(c) motions, it retains broad inherent authority to stay discovery. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) ("A district court's decision to allow or deny discovery is reviewable only for abuse of discretion."). Neither the Federal Rules nor Ninth Circuit case law articulates a clear test for evaluating a motion to stay discovery pending a potentially dispositive motion, *Ciuffitelli v. Deloitte & Touche LLP*, 2016 WL 6963039, at *4 (D. Or. Nov. 28, 2016), but district courts in this Circuit consider the following factors: (1) the type of motion and whether it presents a challenge as a matter of law; (2) the nature and complexity of the action; (3) whether counterclaims or cross-claims have been interposed; (4) whether some or all defendants join in the request for a stay; (5) the posture or stage of the litigation; (6) the expected extent of discovery; and (7) any other relevant circumstances. *Id.* at *5 (citing *Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 601 (C.D. Cal. 1995)); *see also Precision Conversions, LLC v. Mammoth Freighters, LLC*, 2026 WL 700049, at *4–7 (D. Or. Mar. 12, 2026) (applying the *Skellerup* factors and granting stay of discovery pending motion to dismiss). Rule 26's proportionality requirement also bears on this analysis: discovery must be

PAGE 8 – DEFENDANTS' MOTION TO ENFORCE A MANDATORY DISCOVERY STAY OR, IN THE ALTERNATIVE, FOR A DISCRETIONARY STAY

"proportional to the needs of the case," Fed. R. Civ. P. 26(b)(1), and where the scope of the case has not yet been finally established, "delaying discovery or limiting its scope until those issues are decided is appropriate." *Ciuffitelli*, 2016 WL 6963039, at *5, 8. Each of the relevant factors here favors a stay.

### A.    *Type of Motion*

Defendants' Rule 12(c) motion challenges the legal sufficiency of Plaintiffs' loss causation allegations and could dispose of the entire case. No discovery is required to resolve it. *See Precision Conversions*, 2026 WL 700049, at *5 (first factor favors stay where pending motion "will not require discovery to resolve"). This factor favors a stay.

### B.    *Nature and Complexity of the Action*

This is a complex securities fraud class action. Plaintiffs' loss causation theory rests on four alleged corrective disclosures spread across four consecutive quarterly earnings calls over a 10-month period. Defendants argue in their 12(c) motion that Plaintiffs' loss causation theory rests entirely on the CDA strategy the Court has already dismantled rather than the sole surviving statement about NIKE's innovation pipeline, requiring judgment on all of Plaintiffs' remaining claims. Defendants further argue that, by Plaintiffs' own account, the market learned everything purportedly material about NIKE's allegedly deficient innovation pipeline as of the first alleged corrective disclosure on December 21, 2023, and that the subsequent March, June, and October 2024 earnings calls therefore cannot constitute corrective disclosures as a matter of law. If granted, the motion will dispose of the case entirely or, at a minimum, eliminate three of the four alleged corrective disclosure events, narrow the putative class period, and substantially reduce the relevant period for discovery. This factor favors a stay.

### C.    *Counterclaims and Cross-Claims*

PAGE 9 – DEFENDANTS' MOTION TO ENFORCE A MANDATORY DISCOVERY STAY OR, IN THE ALTERNATIVE, FOR A DISCRETIONARY STAY

Defendants have not asserted any counterclaims or cross-claims. This factor also favors a stay. *See Ciuffitelli*, 2016 WL 6963039, at *7; *Precision Conversions*, 2026 WL 700049, at *6.

D.    *Defendants Joined in the Request for Stay*

All Defendants join in this motion. This factor also favors a stay. *See Precision Conversions*, 2026 WL 700049, at *6.

E.    *Posture and Stage of the Litigation*

While this case is approximately two years old, it is still at the early stages. Defendants filed their answer to the SAC only weeks ago. No scheduling order has been entered, and no discovery has commenced. A stay of discovery at this early stage will not add appreciably to the overall lifespan of the case. *See Ciuffitelli*, 2016 WL 6963039, at *7–8 ("A stay of or restriction on discovery at this early stage, in this context, will not add appreciably to the life span of this case."). This factor favors a stay.

F.    *Expected Extent of Discovery*

Defendants expect Plaintiffs to seek discovery that far exceeds issues relevant to the single surviving claim. In their Rule 26(f) report, Plaintiffs stated that they intend to seek discovery of facts relevant to "claims flowing from" the remaining statement—a clear indication that they will seek to expand the scope of discovery beyond the single statement that remains in the case. ECF No. 96 at 1.

Moreover, until the Court determines which alleged corrective disclosures survive Defendants' Rule 12(c) motion, there inevitably will be disputes about the temporal scope of relevant discovery, the number of securities transactions at issue, or the identity of putative class members. The Court should first resolve which corrective disclosures survive and what putative class period actually remains before the parties are required to bear the discovery burden.

PAGE 10 – DEFENDANTS' MOTION TO ENFORCE A MANDATORY DISCOVERY STAY OR, IN THE ALTERNATIVE, FOR A DISCRETIONARY STAY

Finally, if full discovery proceeds before the Rule 12(c) motion is resolved, those disputes will effectively force the parties to litigate Defendants' loss causation arguments in the context of discovery motions. The Court should avoid that result by staying discovery until the class period and the appropriate scope of discovery are finally known. *See Ciuffitelli*, 2016 WL 6963039, at *8 (granting stay to prevent merits issues from being "decided in the context of discovery motions"). This factor favors a stay.

Accordingly, even under a discretionary standard, each of the relevant factors favors a stay, and the Court should exercise its inherent authority to stay all discovery and other proceedings pending resolution of Defendants' Rule 12(c) motion.

## CONCLUSION

For the above reasons, Defendants' motion to enforce the PSLRA's mandatory discovery stay should be granted or, alternatively, the Court should grant a discretionary stay.

PAGE 11 – DEFENDANTS' MOTION TO ENFORCE A MANDATORY DISCOVERY STAY OR, IN THE ALTERNATIVE, FOR A DISCRETIONARY STAY

DATED: June 15, 2026

STOEL RIVES LLP

   */s/ B. John Casey*
 B. John Casey, OSB No. 120025
 john.casey@stoel.com
 Alex Van Rysselberghe, OSB No. 174836
 alex.vanrysselberghe@stoel.com
 Telephone: (503) 224-3380

 GIBSON, DUNN & CRUTCHER LLP
 Brian M. Lutz (*Pro Hac Vice*)
 blutz@gibsondunn.com
 Jessica Valenzuela (*Pro Hac Vice*)
 jvalenzuela@gibsondunn.com
 Jeff Lombard (*Pro Hac Vice*)
 jlombard@gibsondunn.com

*Attorneys for Defendants Nike, Inc. and John J. Donahoe II*

PAGE 12 – DEFENDANTS' MOTION TO ENFORCE A MANDATORY DISCOVERY STAY OR, IN THE ALTERNATIVE, FOR A DISCRETIONARY STAY

6000834076.5